IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


| | |
|---|---|
| IN RE: ) | |
| ) | |
| RAYMOND G. SHORTSLEEVE and ) | BANKRUPTCY CASE NO. |
| CYNTHIA D. SHORTSLEEVE, ) | 04-12862-DHW |
| ) | (Chapter 7) |
| Debtors. ) | |
| ) | |
| CYNTHIA D. SHORTSLEEVE, ) | |
| ) | |
| Plaintiff, ) | DISTRICT COURT MISC. NO. |
| ) | 1:06mc3337-MHT |
| v. ) | |
| ) | (Bankruptcy Adversary |
| CENTURYTEL OF ALABAMA, ) | Proceeding No. |
| LLC, and ROBINSON, ) | 06-1080-DHW) |
| REAGAN & YOUNG, PLLC, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Based on the representations of the parties made

during a telephone conference on October 3, 2006, and on

the papers submitted to this court and the bankruptcy

court, and for the reasons stated below, it is ORDERED

that plaintiff Cynthia D. Shortsleeve's motion to

withdraw (Doc. No. 2) is granted.

The clerks of the bankruptcy court and this court are DIRECTED to take all steps necessary to transfer to the United States District Court for the Middle District of Alabama the adversary proceeding, initiated by plaintiff Shortsleeve with a complaint filed on May 8, 2006 (bankruptcy case no. 04-12862-DHW (Chapter 7) and bankruptcy adversary proceeding no. 06-1080-DHW, M.D. Ala.). The clerk of this court shall set up the transfer case as a separate civil case, with a separate and new civil action number.

* * *

For the following reasons, this court exercises its discretion to withdraw the reference to the bankruptcy court for cause under 11 U.S.C. § 157(d).[1] First, as the

---

1. The factors to be considered by the court in exercising its § 157 discretion include: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand; and (8) prevention
(continued...)

2

claims at issue here arise mostly out of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, <u>et seq.</u>, the bankruptcy court has no special expertise in resolving the claims.  To the degree that Shortsleeve's claims have to do with enforcement of the discharge injunction, those claims are intimately related to the FDCPA claims.  It saves judicial, and the parties', resources to try them together.

Second, and also related to the preservation of judicial and parties' resources, the FDCPA claims are non-core; that is, they  do not "arise under" or "arise in" Title 11.  <u>In re Toledo</u>, 170 F.3d 1340, 1349 (11th Cir. 1999).  At most, the bankruptcy court has non-core jurisdiction over the claims.  The bankruptcy court's determinations, absent withdrawal, would therefore be subject to de novo review in this court, in any event. 11 U.S.C. § 157(c)(1).[2]

_____

(...continued)
of delay.  <u>In re Childs</u>, 342 B.R. 823, 827 (M.D. Ala. 2006) (Albritton, J.).

2.  It is, indeed, unclear whether the bankruptcy
(continued...)

3

Finally, defendants Centurytel of Alabama, LLC, and Robinson, Reagan & Young, PLLC do not object to the withdrawal.

The United States District Court for the Middle District of Alabama will therefore take jurisdiction over Shortsleeve's adversary proceeding against defendants Centurytel of Alabama, LLC, and Robinson, Reagan & Young, PLLC in its entirety.

DONE, this 3d day of October, 2006.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

---

2.   (...continued)
court has jurisdiction over the FDCPA claims at all.  The
bankruptcy court found that it did not.

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND G. SHORTSLEEVE, & | ) | BANKRUPTCY CASE NUMBER |
| CYNTHIA D. SHORTSLEEVE, | ) | 04-12862 |
| DEBTORS. | ) | CHAPTER 7 CASE |

**********************************************************************************

| | | |
|---|---|---|
| CYNTHIA D. SHORTSLEEVE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | AP #: _____ |
| | ) | |
| CENTURYTEL OF ALABAMA, LLC,      & | ) | |
| ROBINSON, REAGAN & YOUNG, PLLC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

<u>**COMPLAINT**</u>

COMES NOW, Cynthia D. Shortsleeve, by and through the undersigned attorney and presents this complaint for damages and injunctive relief against the Defendants CenturyTel of Alabama, LLC., and Robinson, Reagan & Young, PLLC., and states as follows:

## I. INTRODUCTION

1.      This is a Complaint for damages and injunctive relief for Defendants' violation of the Chapter 7 discharge injunction and for violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692, et seq.

2.      The Plaintiff seeks damages for Defendants reporting a discharged debt on her consumer credit file.

3.      The Defendants, by continuing to report a discharged debt on the Plaintiff's consumer credit file, violates the Chapter 7 discharge injunction and the FDCPA.

## II. JURISDICTION AND VENUE

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

5.      This Complaint contains both core and non core proceedings pursuant to 28 U.S.C. §§ 157 and 1409.

## III. PARTIES

**Page 1 of  7**

6.      Plaintiff, Cynthia D. Shortsleeve, is a natural person residing in Houston County, Alabama.

7.      Defendant, CenturyTel of Alabama, LLC. (hereinafter, "CenturyTel") is a Louisiana corporation with its principal address believed to be located at 100 CenturyTel Drive, Monroe, Louisiana 71203.

8.      Defendant, Robinson, Reagan & Young, PLLC., (hereinafter, "R.R.Y."), is a law firm engaged in the debt collection business with its principal place of business being located at 260 Cumberland Bend Drive, Nashville, Tennessee 37228.  The Defendant, R.R.Y.'s, principal purpose is to collect debts using the mail and telephone.  The Defendant, R.R.Y., regularly attempts to collect debts alleged to be due another.  The Defendant, R.R.Y., are debt collectors as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

9.      Plaintiff, Cynthia D. Shortsleeve, as a Debtor filed a petition under Title 11 Chapter 7of the United States Bankruptcy Code on December 17, 2004.  Plaintiff received a discharge on May 5, 2005.

10.     Plaintiff, Cynthia D. Shortsleeve, properly scheduled a debt to Defendant, CenturyTel, on her Schedule F (Creditors Holding Unsecured Nonpriority Claims).   The Clerk of Court's Certificate of Service reflects that the Notice of Commencement of Case (i.e. Meeting of Creditors), as well as the Notice of Discharge, were mailed to Defendant, CenturyTel.

11.     The alleged debts, to CenturyTel, was for personal, family, or household purposes.

12.     Plaintiff, Cynthia D. Shortsleeve, acting with the assistance of counsel, requested copies of her credit file to insure that her credit file would be correct following entry of discharge and to take advantage of the fresh start in life and clear field for future endeavors offered by the Bankruptcy Code.

13.     In response to her request, Equifax, Inc. (hereinafter, Equifax), and TransUnion, LLC. (hereinafter, "TransUnion") provided a copy of Plaintiff's credit file. Both reports are dated April 26, 2006, and their trade lines are attached hereto as Exhibits "A" and "B," respectively. The Equifax credit file trade line, Exhibit "A," shows that after the discharge of the bankruptcy case, the Defendant, R.R.Y., reported an alleged debt owed to Defendant, CenturyTel, with an account number of 334693xxxx, and a balance of $279.00.  Furthermore, the account status states that the account is "Unpaid."  The TransUnion credit file trade line, Exhibit "B," shows that after the discharge of the bankruptcy case, the Defendant, R.R.Y., reported an alleged debt owed to Defendant, CenturyTel, with an account number of 3346930102, and a balance of $279.00.  Furthermore, the account status is listed as being a "Collection Account."

14.     Equifax and TransUnion maintain credit files, such as Exhibits "A" and "B," in the ordinary course of business. Equifax and TransUnion report information furnished by creditors such as the Defendant, CenturyTel.

15.     The Defendant, CenturyTel, reports debts to credit reporting agencies, including Equifax and TransUnion, in the ordinary course of its business.

16.     Defendant, CenturyTel, did in fact report to Equifax on or about April 26, 2006, that Plaintiff's accounts

were "Unpaid" instead of included in bankruptcy.

17.    Defendant, CenturyTel, did in fact report to Experian on or about April 12, 2006, that Plaintiff's account was a "Collection Account."

18.    The debt, to Defendants, CenturyTel and R.R.Y (hereinafter, "discharged debt"), were discharged in the underlying bankruptcy case on May 5, 2005.

## COUNT I - WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION BY DEFENDANT, CENTURYTEL.

19.    Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 18 as if fully set out herein.

20.    Defendant, CenturyTel, sends collection letters to its delinquent customers which include the threat of placing "Unpaid" and "Collection Account" in the customer's credit files.

21.    Defendant, CenturyTel, sends those collection letters as an act to collect debts.

22.    Defendant, CenturyTel, trains its collection personnel to threaten to place "Unpaid" and "Collection Account" in the customer's credit files as a means to collect delinquent accounts.

23.    Defendant, CenturyTel, uses collection telephone calls with the threat of noting "Unpaid" and "Collection Account" as a means to collect delinquent debts from its customers.

24.    Defendant, CenturyTel, collects payments on delinquent accounts as a result of using the threat of placing "Unpaid" and "Collection Account" in consumer's credit files.

25.    Threatening to place "Unpaid" and "Collection Account" in a consumer's credit file is an act to collect a debt.

26.    When Defendant, CenturyTel, places "Unpaid" and "Collection Account" in a consumer's credit file, it does so with the intent of collecting the debt.

27.    Defendant, CenturyTel, in fact collects payment on many debts as a result of placing "Unpaid" and "Collection Account" in a consumer's credit file.

28.    Placing "Unpaid" and "Collection Account" on a consumer's credit file is an act to collect a debt.

29.    The credit reporting industry standard protocol METRO TWO directs that accounts discharged in bankruptcy be reported as "Included in Bankruptcy" with no balance or a zero balance.

30.    The Federal Trade Commission commentary on the Fair Credit Reporting Act directs that debts discharged in bankruptcy be reported with a zero balance due so as to reflect that the consumer is no longer liable for the discharged debt.

31.    When Defendant, CenturyTel, places "Included in Bankruptcy" in a consumer's credit file, it renounces

any intent to collect the debt.

32.    When Defendant, CenturyTel, places a $0.00 balance in a consumer's credit file, it renounces its intent to collect a debt.

33.    By reporting the discharged debt as a "Unpaid" and "Collection Account" as of April 26, 2006, the Defendant, CenturyTel, did not renounce its intent to collect its debt against the Plaintiff.

34.    By reporting the discharged debt as a "Unpaid" and "Collection Account" as of April 12, 2006, the Defendant, CenturyTel, made an affirmative representation to the credit industry that the debt remained due, owing, and legally collectable despite the discharged bankruptcy.

35.    By reporting to Equifax and Experian that the discharged debts remained due and owing, Defendant, CenturyTel, intended to use this representation as an act to collect the debt.

36.    Reporting that the discharged debt remained due and owing is the type of creditor shenanigans prohibited by Title 11 because it encourages payment in spite of the bankruptcy.  The Defendant, CenturyTel, reporting a balance is an attempt to collect the discharged debt to which inexperienced, frightened, or ill-counseled Debtors may succumb.

37.    Defendant, CenturyTel, reports balances on its accounts to credit reporting agencies in the ordinary course of its business.

38.    Defendant, CenturyTel, is aware that the balance it reports influences the conduct of lenders.

39.    Defendant, CenturyTel, wishes to influence the conduct of other lenders in ways that increase the chances that its accounts will be paid.

40.    When Defendant, CenturyTel, reports a balance on its accounts, it does so with the intention of collecting those debts.

41.    Reporting a balance on an account is an act to collect a debt.  It is the type of creditor shenanigans prohibited by the bankruptcy code because it encourages payment in spire of the bankruptcy.  It is an attempt to collect the discharged debts to which inexperienced, frightened, or ill-counseled Debtors may succumb.

42.    Defendant, CenturyTel, receives hundreds of fair credit reporting disputes each year which dispute credit report entries showing a "Unpaid" and "Collection Account" instead of "Included in Bankruptcy." Those fair credit reporting disputes put Defendant, CenturyTel, on notice that its system of reporting the status of discharged debts has a substantial error rate.

43.    In spite of notice, Defendant, CenturyTel, has not taken the necessary steps to achieve a rate of accuracy expected in the debt collection system, nor a rate of accuracy evidencing good compliance with the orders of this and other United States Bankruptcy Courts.

44.    This substantial error rate leads to a small, but insignificant, number of post bankruptcy "Unpaid" and "Collection Account" accounts that are later paid to the Defendants by poorly advised Debtors as part

**Page 4 of  7**

of real estate financing or other transactions.

45.    By tolerating this rate of error, and by accepting those post bankruptcy payments, Defendant, CenturyTel, ratifies those "Unpaid" and "Collection Account" entries as intentional actions.

46.    As a result of the Defendant's, CenturyTel, actions the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical or mental suffering, pain, anguish, and fright.

**COUNT II - VIOLATION OF 15 U.S.C. § 1692e(2)**
**Falsely representing the character, amount, or**
**legal status of a debt.**

47.    Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 46 as if fully set out herein.

48.    15 U.S.C. § 1692(2)(A) prohibits debt collectors from using false representations as to the character, amount, or legal status of any debt.

49.    The Defendant, R.R.Y., violated § 1692e(2)(A) by reporting two debts on the Plaintiff's Equifax credit file.

50.    By reporting debts on the Plaintiff's Equifax and TransUnion credit file, the Defendant is attempting to collect a debt alleged to be due another.

51.    The Defendant, by reporting debts on the Plaintiff's Equifax and TransUnion credit files, is falsely representing the amount and legal status of the alleged debt.

**COUNT III - VIOLATION OF 15 U.S.C. § 1692e(10)**
**The use of false representation or deceptive**
**means to collect or attempt to collect any**
**debt.**

52.    Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 51 as if fully set out herein.

52.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

53.    The Defendant violated § 1692e(10) by falsely representing on the Plaintiff's Equifax and TransUnion credit files that a debt was owed.  Furthermore, the Defendant falsely represented the balance of the debt.

**COUNT IV - VIOLATION OF 15 U.S.C. § 1692f**
**Unfair practices.**

54.    Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 53 as if fully set out herein.

55.    15 U.S.C. § 1692f prohibits the debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

56.    The Defendant, R.R.Y., violated § 1692f by falsely reporting a collection account, an unpaid debt, or a balance owed on Plaintiff's Equifax and TransUnion credit files even though all of the reported debts were discharged in the Plaintiff's Chapter 7 bankruptcy case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cynthia D. Shortsleeve, prays this Honorable Court:

a)    Find Defendants in contempt of this Court in violation of the discharge injunction;

b)    Order Defendants to report to all credit reporting agencies that the discharged debt is "Included in Bankruptcy" and now has a zero balance;

c)    Enjoin Defendants from reporting the debt as due and owing to any credit reporting agency at any future time;

d)    Award actual damages to the Plaintiff;

e)    Award maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

f)    Award punitive damages for the Defendants' willful and intentional violation of the bankruptcy discharge injunction;

g)    Award reasonable attorney's fees for the Fair Credit Reporting disputes, which were necessitated by the wrongful action of Defendants and for the present action;

h)    Award reasonable attorney fees for the Defendants' violation of the Fair Debt Collection Practices Act; and,

i)    Order such other and further relief as may be just.

Respectfully submitted,

BROCK & STOUT

*/s/ David G. Poston*
Michael D. Brock, Esq.
Gary Stout, Esq.
David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@centurytel.net

**EXHIBIT A**

| Prefix | Prefix Description |
|---|---|
| PRM | Inquiries with this prefix indicate that only your name and address were given to a credit grantor so they can provide you a firm offer of credit or insurance. (PRM inquiries remain for twelve months.) |
| AM or AR | Inquiries with these prefixes indicate a periodic review of your credit history by one of your creditors. (AM and AR inquiries remain for twelve months.) |
| Equifax or EFX | Inquiries with these prefixes indicate Equifax's activity in response to your contact with us for a copy of your credit file or a research request. |
| ND | Inquiries with this prefix are general inquiries that do not display to credit grantors. (ND inquiries remain for twelve months.) |
| ND MR | Inquiries with this prefix indicate the reissue of a mortgage credit report containing information from your Equifax credit file to another company in connection with a mortgage loan. (ND MR inquiries remain for 24 months.) |
| PR | Inquiries with this prefix indicate that a creditor reviewed your account as part of a portfolio they are purchasing. (PR inquiries remain for 12 months.) |

Back to Top

## Collections

A collection is an account that has been turned over to a collection agency by one of your creditors because you have not paid the account as agreed. If you believe that any of this information is incorrect, please see the Dispute File Information section at the end of this report.

| ROBINSON, REAGAN & YOUNG, P.C | |
|---|---|
| Agency Address: | 260 CUMBERLAND BEND NASHVILLE, TN 37228 (615) 726-0902 |
| Date Reported: | 03/2006 |
| Date Assigned: | 08/2005 |
| Creditor Classification: | |

Equifax FACT Act

| | |
|---|---|
| Creditor Name: | CENTURYTEL |
| Accounts Number: | 334693XXXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $279 |
| Date of 1 st Delinquency: | 02/2004 |
| Balance Date: | 03/2006 |
| Balance Owned: | $279 |
| Date of Last Activity : | n/a |
| Status Date: | 03/2006 |
| Status: | D - Unpaid |
| | N/A |

**EXHIBIT B**

**ROBINSON REAGAN AND YOU** #3346930102

260 Cumberland Ben
NASHVILLE , TN 37228
(615) 726-0902

| | |
|---|---|
| **Balance:** | $279 |
| **Date Updated:** | 10/2005 |
| **Original Balance:** | $279 |
| **Original Creditor:** | CENTURYTEL |
| **Past Due:** | $0 |

| | |
|---|---|
| **Pay Status:** | >Collection Account< |
| **Account Type:** | Open Account |
| **Responsibility:** | Individual Account |

**Loan Type:** Collection Agency Attorney

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

RAYMOND G. SHORTSLEEVE, &
CYNTHIA D. SHORTSLEEVE,
    **Debtors**                                   Bankruptcy Case No.04-12862

CYNTHIA D. SHORTSLEEVE,
    **Plaintiff**

                                              Adversary Proceeding No.

CENTURYTEL OF ALABAMA, LLC.,
& ROBINSON, REAGAN & YOUNG, P.L.L.C.

    **Defendants**

## SUMMONS AND NOTICE OF TRIAL
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

---

Address of Clerk: United States Bankruptcy Court
                      P.O. Box 1248
                      Montgomery, AL 36102-1248

---

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

---

Name and Address of Plaintiff's Attorney:
                    DAVID G. POSTON, ESQ.
                    BROCK & STOUT
                    POST OFFICE DRAWER 311167
                    ENTERPRISE, ALABAMA  36331

---

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

Raymond G Shortsleeve and Cynthia D Shortsleeve
        Debtors                                 Bankruptcy Case No.04-12862

Cynthia D. Shortsleeve
        Plaintiff

                                        Adversary Proceeding No 06-01080

Centurytel of Alabama, LLC and
Robinson, Reagan & Young, PLLC
        Defendants

# SUMMONS
# IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

---

Address of Clerk: United States Bankruptcy Court
                    P.O. Box 1248
                    Montgomery, AL 36102-1248

---

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

---

Name and Address of Plaintiff's Attorney:
                    David  G. Poston
                    Brock & Stout
                    P.O. Drawer 311167
                    Enterprise, AL 36331-1167

---

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

May 9, 2006

**CERTIFICATE OF SERVICE**

I, _____, certify that I am, and at all times during the service of process
　　　　　　　　　　Name

was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further
certify that the service of this summons and a copy of the complaint was made _____ by:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Date

_____    Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:



　　　　_____    Certified, service of process on insured depository institution (Pursuant to Rule 7004 (h)).

_____    Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:



_____    Residence Service: By leaving the process with the following adult at:



_____    Publication: The defendant was served as follows: [Describe briefly]



_____    State Law: The defendant was served pursuant to the laws of the State of _____,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Name of State)
as follows: [Describe briefly]


Under penalty of perjury, I declare that the foregoing is true and correct.


_____          _____
　　　　　　　Date　　　　　　　　　　　　　　　　　　　　　　Signature

| Print Name |
|---|
| Business Address |
| City　　　　　　　　　　　　State　　　　　　　Zip |

## CERTIFICATE OF SERVICE

I, DAVID G. POSTON, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made _5/10/06_ by:
_(date)_

☒ Mail Service:  Certified mail, postage fully pre-paid, addressed to:

CENTURYTEL OF ALABAMA, LLC          ROBINSON, REAGAN, & YOUNG, PLLC.       WILLIAM C. CARN, III.
% THE CORPORATION COMPANY           % WORRICK ROBINSON, IV                 CH. 7 TRUSTEE
2000 INTERSTATE PARK DR., STE 204   260 CUMBERLAND BEND DR.                P.O. BOX 1665
MONTGOMERY, AL 36109                NASHVILLE, TN 37228                    DOTHAN, AL 36302
                                                                          (VIA REGULAR MAIL)

☐ Personal Service:  By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service:  By leaving the process with the following adult at:

☐ Publication:  The defendant was served as follows: [Describe briefly]

☐ State Law:  The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]                                                                    (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_5/10/06_____                    _____
Date                                         Signature

| Print Name | DAVID G. POSTON | |
| Business Address | P.O. DRAWER 311167 | |
| City ENTERPRISE | State AL | Zip 36331 |

04-12862  SHORTSLEEVE, RAY & CYNTHIA     A.P. # 06-1080 SHORTSLEEVE V. CENTURYTEL, ET AL

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

Raymond G Shortsleeve and Cynthia D Shortsleeve
    Debtors                                Bankruptcy Case No.04-12862

Cynthia D. Shortsleeve
    Plaintiff

                                            Adversary Proceeding No 06-01080

Centurytel of Alabama, LLC and
Robinson, Reagan & Young, PLLC
    Defendants

# SUMMONS
# IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

> Address of Clerk: United States Bankruptcy Court
>                   P.O. Box 1248
>                   Montgomery, AL 36102-1248

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> Name and Address of Plaintiff's Attorney:
>            David  G. Poston
>            Brock & Stout
>        P.O. Drawer 311167
>      Enterprise, AL 36331-1167

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

May 9, 2006

Richard Oda

Digitally signed by Richard Oda
DN: CN = Richard Oda, C = US,
O = United States Bankruptcy
Court, OU = summons-seal
Date: 2006.05.09 10:40:12 -
05'00'

**CERTIFICATE OF SERVICE**

I, _____ , certify that I am, and at all times during the service of process
<span style="font-size:small">Name</span>

was, not less than 18 years of age and not a party to the matter concerning which service of process was made.  I further
certify that the service of this summons and a copy of the complaint was made _____ by:
<span style="font-size:small">Date</span>

_____     Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:

_____     Certified, service of process on insured depository institution (Pursuant to Rule 7004 (h)).

_____     Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

_____     Residence Service: By leaving the process with the following adult at:

_____     Publication: The defendant was served as follows: [Describe briefly]

_____     State Law: The defendant was served pursuant to the laws of the State of _____,
<span style="font-size:small">(Name of State)</span>
as follows: [Describe briefly]

Under penalty of perjury, I declare that the foregoing is true and correct.

_____                    _____
<span style="font-size:small">Date</span>                                                                           <span style="font-size:small">Signature</span>

| Print Name |
| --- |
| Business Address |
| City                            State                     Zip |

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 1127-1        User: dsegrest          Page 1 of 1              Date Rcvd: May 09, 2006
Case: 06-01080             Form ID: pdfPLA          Total Served: 1
```

```
The following entities were served by first class mail on May 11, 2006.
pla         +Cynthia D Shortsleeve,   84 Clover Street,   Gordon, AL 36343-8461
```

```
The following entities were served by electronic transmission.
NONE.                                                                        TOTAL: 0
```

```
           ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 11, 2006**          **Signature:**    *Joseph Speetjens*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND G. SHORTSLEEVE and                          CHAPTER 7
CYNTHIA D. SHORTSLEEVE                              CASE NO. 04-12862
    Debtors

CYNTHIA D. SHORTSLEEVE
    Plaintiff

    Vs.                                          ADV.PRO.NO.  06-01080

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants

**MOTION FOR EXTENSION OF TIME
TO FILE RESPONSIVE PLEADINGS**

    **NOW INTO COURT**, through undersigned counsel, comes CenturyTel of Alabama, LLC, d/b/a CenturyTel, and on behalf of Robinson, Reagan & Young, who files this motion for extension of time to file responsive pleadings and alleges:

    1.    On May 8, 2006, the debtor filed her Complaint for damages and other relief under 15 U.S.C. §1692 ("the Complaint").

    2.    The Summons and Notice attached to the Complaint states that responsive pleadings must be filed on or before June 9, 2006.

    3.    On May 30, 2006, upon the request of CenturyTel, plaintiff's counsel granted an extension of thirty (30) days to file responsive pleadings.

    4.    Upon this extension, responsive pleadings were due on July 10, 2006.

    5.    On this date, CenturyTel requested an additional five (5) days to file responsive pleadings, or until 5:00 P.M. this Friday, July 14, 2006.  Plaintiff's counsel refused.

    6.    CenturyTel has completed its investigation the facts underlying the complaint. CenturyTel now needs this very short extension to prepare and file its responsive pleadings.

    7.    CenturyTel requests an additional five (5) days to file responsive pleadings.

WHEREFORE, CenturyTel prays for an order granting an extension to file responsive pleadings until 5:00 P.M. this Friday, July 14, 2006.  CenturyTel prays for any and all other relief which is just.

RESPECTFULLY SUBMITTED
COUNSEL FOR CENTURYTEL

REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:   225-343-0646
Email: Rainach@msn.com
La. Bar Roll No. 11074


JAMES D. FARMER
VIRGINIA LYNN McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL  36303
Telephone      334-794-8596
Facsimile      334-794-4401
Email           jdf@ffmlaw.com
                     vlm@ffmlaw.com


/S/ James D. Farmer
JAMES D. FARMER
ASB –8636-E67J

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

David G. Poston, Esq.
Christol02@centurytel.net


/S/   James D. Farmer                                            .

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:                                                          CHAPTER 7
RAYMOND G. SHORTSLEEVE                         CASE NO.  04-12862
CYNTHIA D. SHORTSLEEVE

CYNTHIA D. SHORTSLEEVE
          Plaintiff
          Vs.                                              ADV.PRO.NO. 06-01080
CENTURYTEL OF ALABAMA, LLC
ROBINSON, REGAN & YOUNG

**REQUEST FOR NOTICE FOR**
**CenturyTel, Inc.**
**And Its Various Subsidiaries**
**d/b/a CenturyTel**

   **PLEASE TAKE NOTICE** that the above creditor requests notice of all matters noticed and copies of all pleadings in this case pursuant to the provisions of Bankruptcy Rules 2002, 3017, 3020, 6007, 9010 and 9027.

          Notice shall be mailed to:

          Rex D. Rainach
          A Professional Law Corporation
          3622 Government Street
          Baton Rouge, LA  70806-5720
          Facsimile:  225-343-0646
          Email:  Rainach@msn.com

Baton Rouge, Louisiana, July 12, 2006.

                                        RESPECTFULLY SUBMITTED:

                                        REX D. RAINACH
                                        A PROFESSIONAL LAW CORPORATION
                                        3622 Government Street
                                        Baton Rouge, LA  70806-5720
                                        Telephone:  (225) 343-0643


                                        */s/ Rex D. Rainach*
                                        REX D. RAINACH
                                        La. Bar Roll No. 11074


C:/CTel/Proof/Request.Notice/

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND G. SHORTSLEEVE and                              CHAPTER 7
CYNTHIA D. SHORTSLEEVE                          CASE NO. 04-12862
    Debtors


CYNTHIA D. SHORTSLEEVE
    Plaintiff

    Vs.                                          ADV.PRO.NO.  06-01080

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants


## MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, comes CenturyTel of Alabama, LLC, d/b/a CenturyTel, and on behalf of Robinson, Reagan & Young, who files this motion to dismiss certain causes of action and alleges:

1.    On May 8, 2006, the debtor filed her Complaint for damages and other relief under 11 U.S.C. §524 based upon violations of 15 U.S.C. §1692 ("the Complaint").

2.    CenturyTel moves the Court to dismiss certain causes of action pursuant to Federal Rules of Civil Procedure §12(b)(1) as applied by Bankruptcy Rule 7012.

3.    CenturyTel has filed herewith its memorandum in support of this motion. CenturyTel incorporates herein by reference the grounds set forth in its memorandum and the arguments offered in support thereof.

4.    CenturyTel submits that all causes of action under this adversary proceeding, other than the contempt action, should be dismissed.

**WHEREFORE**, CenturyTel prays for an order dismissing those certain causes of action as set forth in its memorandum.  CenturyTel prays for any and all other relief which is just.

Dated this 13th day of July, 2006.

RESPECTFULLY SUBMITTED
COUNSEL FOR CENTURYTEL

REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:  225-343-0646
Email: Rainach@msn.com
La. Bar Roll No. 11074

JAMES D. FARMER
VIRGINIA LYNN McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL  36303
Telephone    334-794-8596
Facsimile    334-794-4401
Email        jdf@ffmlaw.com
             vlm@ffmlaw.com

/S/ James D. Farmer                              .
JAMES D. FARMER
ASB 8636-E67J

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

David G. Poston, Esq.
Christol02@centurytel.net
davidposton@centurytel.net
brockandstout@yahoo.com

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

Michael D. Brock
Brock & Stout
Post Office Drawer 311167
Enterprise, AL  36330

/S/ James D. Farmer                              .

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND G. SHORTSLEEVE and                                    CHAPTER 7
CYNTHIA D. SHORTSLEEVE                               CASE NO. 04-12862
     Debtors

CYNTHIA D. SHORTSLEEVE
     Plaintiff

Vs.                                                 ADV.PRO.NO.  06-01080

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
     Defendants

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

**MAY IT PLEASE THE COURT**: CenturyTel of Alabama, LLC, d/b/a CenturyTel, and on behalf of Robinson, Reagan & Young ("RR&Y"), files this memorandum in support of its motion to dismiss certain of the causes of action and respectfully represents:

### A. INTRODUCTION

Plaintiff in this matter is a Chapter 7 debtor who filed her petition herein on December 17, 2004 and received her discharge on May 5, 2005.  She reopened her case to file this and one other complaint under 11 U.S.C. §524 based upon violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (the "FDCPA").

CenturyTel is a defendant herein.  It is an incumbent local exchange carrier ("ILEC") that provides telephonic communications to its customers in Alabama.   The other defendant is RR&Y, a law firm located in Nashville, Tennessee that is a "debt collector" as defined by the FDCPA.

The Complaint alleges that CenturyTel and RR&Y violated the discharge injunction of 11 U.S.C. §524 by violating the provisions of the FDCPA and seeks damages from defendants for said actions.

## B. STATUS

On May 8, 2006, the debtor filed her Complaint for damages and other relief under 15 U.S.C. §1692 ("the Complaint").  A voluntary extension of the time to file responsive pleadings was granted by plaintiff.  Subsequently, on July 10, 2006, CenturyTel filed a motion for a brief extension to file said pleadings, which was granted by the Court.

## C. STANDARDS TO APPLY

The standards that apply to this motion to dismiss pursuant to Federal Rules of Civil Procedure §12(b)(1) as applied by Bankruptcy Rule 7012 are well settled.  The allegations of the complaint should be construed favorably to the complainant.  The Court must take the allegations of the complaint as true and must make all reasonable inferences in favor of the complainant.  Only when the complaint presents no set of facts justifying recovery will the motion to dismiss be granted.  (Citations omitted)  The party who invokes jurisdiction has the burden to prove that jurisdiction does in fact exist. *In re Steele* 258 B.R. 319, at p. 320.

## D. NO JURISDICTION OVER FDCPA CLAIMS

### 1.  Analysis Based Upon Jurisdictional Statutes

The Bankruptcy Court is one of limited jurisdiction.  §1334(b).  *In re Close* 2003 WL 22697825 (Bkrtcy.E.D.Pa.  2003), at p. 2, *In re Csondor* (309 B.R. 124) (Bkrtcy.E.D.Pa.  2004), at p. 126.  *In re Gates* 2004 W.L. 3237345 (E.D. VA 2004), at p. 1.  Section 1334(b) defines Federal District Court jurisdiction as reaching (1) cases arising under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11 and (4) proceedings related to a case under title 11.  *Close*, *Id.*, *Gates*, *Id.*.

Section 157(b)(1) limits Bankruptcy Court jurisdiction to those cases referred to it by the Federal District Court under §157(a) that are (1) arising under title 11 and (2) all core proceedings arising under title 11 or arising in a case under title 11.  Pursuant to §157(c)(1) a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 may also be heard by the Bankruptcy Court.  *Csondor*, at p. 127,  *Gates*, *Id.*, *Steele*, at p. 321, *Close*, *Id.*, *In re Goldstein* 201 B.R. 1 (Bnkrtcy D.Maine 1996) at p. 4.

The analysis of whether this Court has jurisdiction is straight forward.  The first question that the Court must consider is does a cause of action under the FDCPA arise under title 11?  It does not in that it is not a right created by the Bankruptcy Code. *Csondor*, at p. 128,  *Gates*, at p.

2

2., *Steele*, *Id.*, *Close*, at p. 3, *In re McGlynn* 234 B.R. 576 (USDC, DRI 1999), at p. 584 *Goldstein*, at p. 3.

Second, does this cause of action arise in the Bankruptcy case? It does not in that the cause of action is not expressly created by the Bankruptcy Code and would have an existence outside of this case. *Gates*, *Id.*, *Steele*, *Id.*, *McGlynn, Id., Goldstein,* at p. 4.

Third, is the cause of action a "core proceeding?" It is not because it does not invoke "a substantive right provided by title 11" and does not, by its nature, arise only in the context of a bankruptcy case. *Csondor, Id.,* citing *In re Marcus Hook Development Park, Inc.* 943 F.2d 261, at p. 267 (3d Cir. 1991), quoting *Beard vs. Braunstein* , 914 F.2d 434, at p. 444 (3d Cir. 1990), which in turn quoted *Matter of Wood*, 825 F.2d at 97.

Fourth, and finally, is the cause of action under the FDCPA a non-core proceeding that is related to a case under title 11? It is not. "Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless 'related to' a bankruptcy case. … The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Csondor, Id.,* citing *Pacor v Higgins* 743 F.2d 984, at p. 994 (3d Cir. 1984). "The 'related to' category is not so broad as to encompass litigation of claims arising under state law or non-bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because on of the litigants filed a petition in bankruptcy." *Gates, Id.*.

Applying the *Pacor* test, FDCPA claims are not "related to" this Court's jurisdiction in that "any recovery would be the debtor's alone and would not inure to the benefit of the bankruptcy estate." *Steele,* at p. 322. "Win, lose or draw, the outcome of [plaintiffs'] FDCPA … claim[] cannot conceivably have any effect on the estate being administered in bankruptcy." *McGlynn, Id.,* quoting *Pacor*, *Goldstein,* at p. 5, *Close, Id., In re Fietz* 852 F. 2d 455, at p. 457 (9th Cir. 1988).

Thus, an analysis of Bankruptcy Court jurisdiction shows that this Court does not have jurisdiction over causes of action arising under the FDCPA.

2. *Walls* Analysis and Comparison with *Randolph*

The Ninth Circuit Court of Appeals reached the same conclusion – that the Bankruptcy Court does not have jurisdiction over FDCPA claims – but for different reasons. *Walls v. Wells Fargo Bank, N.A.* 276 F.3d 502 ("*Walls*"). Essentially, the Court held that a debtor does not

3

have a private right of action under §§524 and 105, *Walls*, at p. 509, and that to permit a debtor to bring an FDCPA action "would allow through the back door what Walls cannot accomplish through the front door – a private right of action." *Wall*, at p. 510. The *Walls* opinion does not address Bankruptcy Court jurisdiction over the FDCPA as was done in the cases above.

CenturyTel recognizes that the Seventh Circuit Court of Appeals reached a different conclusion in *Randolph v. IMBS, Inc.* 368 F.3d 726 ("*Randolph*"). The District Court had held that the Bankruptcy Code preempted the FDCPA. *Randolph*, at P. 730. After a lengthy analysis of the provisions of the FDCPA, the Seventh Circuit held that two federal statutes do not repeal each other and do not present irreconcilable conflicts. *Randolph, Id.* "Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce them." *Randolph*, at P. 731. While it may be correct that by filing a bankruptcy case a debtor does not lose his rights under the FDCPA, the holding in *Randolph* begs the question of jurisdiction. Since the *Randolph* court did not analyze the jurisdiction of the Bankruptcy Court, this decision can not be a sound basis for this Court's jurisdiction over FDCA claims.

## E.  NO PRIVATE RIGHT OF ACTION UNDER §524

The *Walls* court found that no private right of action exists in favor of a debtor under §524. The Court held specifically that a violation of §524 "may not be independently remedied through §105 absent a contempt proceeding in the bankruptcy court." *Walls*, at p.506. The Court concluded that "it is not up to us to read other remedies into the carefully articulated set of rights and remedies set out in the Bankruptcy Code. ... the 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add to them." *Walls*, at p.507, quoting *Pertuso v. Ford Motor Credit Co.* 233 F.3d 417 (6th Cir. 2000). "... §105(a) authorizes only such remedies as are 'necessary or appropriate to carry out the provisions of this title.'  '[C]ivil contempt is the normal sanction for violation of the discharge injunction.' [Citations omitted]. ... compensatory civil contempt allows an aggrieved debtor to obtain compensatory damages, attorneys fees, and the offending creditor's compliance with the discharge injunction. Therefore, contempt is the appropriate remedy and no further remedy is necessary." *Walls, Id.*, citing *Pertuso* and *Cox v. Zale Delaware, Inc.* 239 F.3d 910 (7th Cir. 2001).

*Walls* provides a detailed analysis of how private rights of action arise. It found that such rights must be created by Congress, *Walls* at p. 508, and may not arise by implication. *Walls* at

4

p. 507. It found that Congress knows how to create such a right, because it did so explicitly in actions for violation of the automatic stay under §362, Walls, *Id.,* and had "Congress meant to create a private right of action for violations of §524, it could easily have done so; that it did not is a strong indication that it did not intend any such remedy." *Walls* at p. 509. "Implying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction." *Walls, Id.*

Addressing directly the FDCPA claim, the Court stated that "there is no escaping that Walls's FDCPA claim is based on an alleged violation of §524. … this necessarily entails bankruptcy-laden determinations. …" *Walls* at p. 510. The Court held "To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door – a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt. … Nothing in either Act [the Code and the FDCPA] persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA." *Walls, Id.*

The overwhelming majority of Courts that have addressed the private right of action followed *Walls*, including the Third Circuit Court of Appeals in *In re Joubert* 411 F.3d 452 (3rd Cir. 2005) and the Ninth Circuit, whose decision in *In re Lopez* 345 F.3d 701, (9th Cir. 2003) was premised on *Walls*. See the following cases holding that there is no private right of action: *Pertuso, Necci v. Universal Fidelity Corporation* 297 B.R. 376 (USDC, EDNY 2003), *In re Feldmeier* 355 B.R. 807 (Bnkrtcy D.OR 2005), *Kibler v. WFS Financial, Inc.* 2000 W.L. 1476055 (USDC, CDCA 2000), and *Bessette v. AVCO Financial Services, Inc.* 279 B.R. 442 (Bnkrtcy DRI 2002). See also *In re Patrick* 2005 WL 4114112 (Bnkrtcy MDPA 2005) holding that there is no private right of action under §506, *In re Taylor* 263 B.R. 139 (USDC NDAL 2001) holding that no private right of action exists under §525(c)(1) and *Parry v Mohawk Motors of Michigan, Inc.* 236 F.3d 299 (6th Cir. 2001) holding that no private right of actions exists under the Federal Omnibus Transportation Employee Testing Act.

Only three decisions reported by the West Law Bankruptcy Reporter did not follow *Walls*. They are *Randolph* and two cases citing that decision as their basis for finding a private right of action. See *Burkhalter v Lindquist &Trudeau, Inc.* 2005 WL 1983809 (Bnkrtcy EDMO 2005) and *In re Gunter* 334 B.R. 900 (Bnkrtcy SDOH 2005). As indicated above, the *Randolph* holding that the Bankruptcy Code and the FDCPA are not irreconcilable is insufficient to find a private right of action under §524 where Congress did not expressly grant that right, as it did for stay violations. Furthermore, there exists other fora where these rights can be enforce – the Federal District Courts and state courts.

It is submitted that there exists no private right of action in the debtor's favor under either §524 or §105.

## F. CENTURYTEL IS NOT SUBJECT TO FDCPA

If this Court finds that it has jurisdiction over FDCPA claims *and* that a private right of action exists to enforce those claims in the Bankruptcy Court, it is submitted, in the alternative, that the claims under the FDCPA must be dismissed as to CenturyTel anyway. The FDCPA defines a "debt collector" in §1692a(6), which provides, in pertinent part:

> "(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> "(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> "(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts…"

This definition does not include a creditor whether or not it is acting on its own behalf. "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not

include the consumer's creditors ..." *Wadlington v. Credit Acceptance Corporation* 76 F.3d 103 (6th Cir. 1996). A "Creditor was not liable as 'debt collector' under 'false name' provision of the Fair Debt Collection Practices Act (FDCPA), regardless of whether the law firm that it retained to send out debt collection letters verified validity of debts or exercised any professional judgment in doing its work, where law firm was separate entity not owned or controlled by creditor, that was located in separate state, and that had its own employees and facility and did collection work for other creditors." *Mazzei v. Money Store* 349 F.Supp.2d 651 (SDNY 2004). Further,

"Creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the Fair Debt Collection Practices Act (FDCPA)." *Scott v. Wells Fargo Home Mortg., Inc.* 326 F.Supp.2d 709 (USDC, EDVA 2003), affirmed 2003 W.L. 21480612.

It is clear from the statute and reported decisions that CenturyTel may not be sued under the FDCPA in any court since it is a creditor and is not a debt collector. Thus, CenturyTel must be dismissed from that portion of the debtor's action herein.

## G. CONCLUSION
## ONLY COMTEMPT ACTION REMAINS

CenturyTel submits that this adversary action must be dismissed as to causes of action under the FDCPA, since this Court does not have jurisdiction, and those aspects of this adversary proceeding that allege a private right of action under the FDCPA or §524, since there exists no such private right of action. Further, since CenturyTel is not a creditor under the FDCPA, any action pursuant to that statute must be dismissed as to CenturyTel.

CenturyTel submits that the only remaining action in this adversary proceeding should be one for contempt of the discharge under §524 with the normal and usual remedies, defenses and burdens of proof as provided by the statutes and jurisprudence.

RESPECTFULLY SUBMITTED
COUNSEL FOR CENTURYTEL

REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:  225-343-0646
Email: Rainach@msn.com
La. Bar Roll No. 11074


JAMES D. FARMER
VIRGINIA LYNN McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL  36303
Telephone      334-794-8596
Facsimile      334-794-4401
Email           jdf@ffmlaw.com
                vlm@ffmlaw.com

/S/ James D. Farmer                                    .
JAMES D. FARMER
ASB 8636-E67J

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

> David G. Poston, Esq.
> Christol02@centurytel.net
> davidposton@centurytel.net
> brockandstout@yahoo.com

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

> Michael D. Brock
> Brock & Stout
> Post Office Drawer 311167
> Enterprise, AL 36330

> /S/ James D. Farmer_____.

## UNITED STATES BANKRUPTCY COURT

### Middle District of Alabama

In re:                                                    Case No.: 06–01080
**Shortsleeve v. Centurytel of Alabama, LLC et al**       BK Case No.: 04–12862

## NOTICE

PLEASE TAKE NOTICE that a telephone hearing will be held

on 7/31/06 at 10:15 AM to consider and act upon the following:

*8* – Motion to Dismiss Adversary Proceeding Filed by James D. Farmer on behalf of Centurytel of Alabama, LLC. (Farmer, James)

Each party desiring to be heard MUST provide the court **in advance** with a telephone number to be used. The phone number provided must be kept open at least one hour for the hearing.

PHONE: **334–954–3890 or 3845**

Your case will be called as soon as possible.

Dated:  7/14/06

Richard S. Oda
Clerk, U.S. Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT

### Middle District of Alabama

In re:                                          Case No.: 06–01080
**Shortsleeve v. Centurytel of Alabama, LLC et al**        BK Case No.: 04–12862

## NOTICE

PLEASE TAKE NOTICE that a telephone hearing will be held

on 7/31/06 at 10:15 AM to consider and act upon the following:

*8* – Motion to Dismiss Adversary Proceeding Filed by James D. Farmer on behalf of Centurytel of Alabama, LLC.
(Farmer, James)

Each party desiring to be heard MUST provide the court **in advance** with a telephone number to be used. The phone
number provided must be kept open at least one hour for the hearing.

PHONE: **334–954–3890 or 3845**

Your case will be called as soon as possible.

Dated:  7/14/06

Richard S. Oda
Clerk, U.S. Bankruptcy Court

# CERTIFICATE OF SERVICE

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

```
District/off: 1127-1        User: jcanada         Page 1 of 1              Date Rcvd: Jul 14, 2006
Case: 06-01080             Form ID: nhrgtele      Total Served: 4
```

```
The following entities were served by first class mail on Jul 16, 2006.
dft          Centurytel of Alabama, LLC,   100 Centurytel Drive,   Monroe, LA  71203
pla         +Cynthia D Shortsleeve,   84 Clover Street,   Gordon, AL 36343-8461
dft         +Robinson, Reagan & Young, PLLC,   260 Cumberland Bend Drive,   Nashville, TN 37228-1804
1336300      CenturyTel of Alabama, LLC,   c/o Rex D. Rainach, APLC,   3622 Government Street,
             Baton Rouge, LA  70806-5720
```

```
The following entities were served by electronic transmission.
NONE.                                                                       TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 16, 2006**                **Signature:**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                              Case No. 04-12862-DHW
                                                   Chapter 13
RAYMOND G. SHORTSLEEVE
CYNTHIA D. SHORTSLEEVE,

         Debtors.


CYNTHIA D. SHORTSLEEVE,

         Plaintiff,

v.                                                 Adv. Proc. No. 06-1080-DHW

CENTURYTEL OF ALABAMA,
LLC, and ROBINSON, REAGAN
& YOUNG, PLLC.,

         Defendants.

## ORDER CONTINUING  HEARING

         The July 31, 2006 hearing on the motion to dismiss adversary proceeding

is CONTINUED to be held telephonically on August 7, 2006, at 10:15 a.m.

         **EACH PARTY DESIRING TO BE HEARD MUST FURNISH THE**

**CLERK OF COURT, IN ADVANCE, A TELEPHONE NUMBER TO BE**

**USED AND KEEP THE LINE OPEN AT LEAST ONE HOUR FOR THE**

**HEARING.  THE CASE WILL BE CALLED AS SOON AS POSSIBLE.**

         Done this 2 day of August, 2006.

                                    /s/ Dwight H. Williams, Jr.
                                    United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiffs
   James D. Farmer, Attorney for Centurytel of Alabama, LLC
   Rex D. Rainach, Attorney for Centurytel of Alabama, LLC
   Robinson, Reagan & Young, PLLC, Defendant

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                    Case No. 04-12862-DHW
                                                         Chapter 13
RAYMOND G. SHORTSLEEVE
CYNTHIA D. SHORTSLEEVE,

      Debtors.


CYNTHIA D. SHORTSLEEVE,

      Plaintiff,

v.                                                       Adv. Proc. No. 06-1080-DHW

CENTURYTEL OF ALABAMA,
LLC, and ROBINSON, REAGAN
& YOUNG, PLLC.,

      Defendants.

**ORDER CONTINUING  HEARING**

    The July 31, 2006 hearing on the motion to dismiss adversary proceeding

is CONTINUED to be held telephonically on August 7, 2006, at 10:15 a.m.

    **EACH PARTY DESIRING TO BE HEARD MUST FURNISH THE**

**CLERK OF COURT, IN ADVANCE, A TELEPHONE NUMBER TO BE**

**USED AND KEEP THE LINE OPEN AT LEAST ONE HOUR FOR THE**

**HEARING.  THE CASE WILL BE CALLED AS SOON AS POSSIBLE.**

    Done this 2 day of August, 2006.

                       /s/ Dwight H. Williams, Jr.
                       United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiffs
   James D. Farmer, Attorney for Centurytel of Alabama, LLC
   Rex D. Rainach, Attorney for Centurytel of Alabama, LLC
   Robinson, Reagan & Young, PLLC, Defendant

# CERTIFICATE OF SERVICE

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

```
District/off: 1127-1          User: fgregg           Page 1 of 1              Date Rcvd: Aug 02, 2006
Case: 06-01080               Form ID: pdfALL         Total Served: 4
```

The following entities were served by first class mail on Aug 04, 2006.
```
dft         Centurytel of Alabama, LLC,  100 Centurytel Drive,  Monroe, LA  71203
pla        +Cynthia D Shortsleeve,  84 Clover Street,  Gordon, AL 36343-8461
dft        +Robinson, Reagan & Young, PLLC,  260 Cumberland Bend Drive,  Nashville, TN 37228-1804
1336300     CenturyTel of Alabama, LLC,   c/o Rex D. Rainach, APLC,   3622 Government Street,
            Baton Rouge, LA  70806-5720
```

The following entities were served by electronic transmission.
```
NONE.                                                                        TOTAL: 0
```

```
          ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 04, 2006**                **Signature:**    *Joseph Speetjens*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-12862-DHW
                                                   Chapter 13
RAYMOND G. SHORTSLEEVE
CYNTHIA D. SHORTSLEEVE,

      Debtors.


CYNTHIA D. SHORTSLEEVE,

      Plaintiff,

v.                                                 Adv. Proc. No. 06-1080-DHW

CENTURYTEL OF ALABAMA,
LLC, and ROBINSON, REAGAN
& YOUNG, PLLC.,

      Defendants.

### ORDER CONTINUING  HEARING

    The July 31, 2006 hearing on the motion to dismiss adversary proceeding

is CONTINUED to be held telephonically on August 7, 2006, at 10:15 a.m.

    **EACH PARTY DESIRING TO BE HEARD MUST FURNISH THE**

**CLERK OF COURT, <u>IN ADVANCE</u>, A TELEPHONE NUMBER TO BE**

**USED AND KEEP THE LINE OPEN <u>AT LEAST ONE HOUR</u> FOR THE**

**HEARING.  THE CASE WILL BE CALLED AS SOON AS POSSIBLE.**

    Done this 2 day of August, 2006.

                    /s/ Dwight H. Williams, Jr.
                    United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiffs
   James D. Farmer, Attorney for Centurytel of Alabama, LLC
   Rex D. Rainach, Attorney for Centurytel of Alabama, LLC
   Robinson, Reagan & Young, PLLC, Defendant

# CERTIFICATE  OF  SERVICE

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

```
District/off: 1127-1        User: fgregg         Page 1 of 1                Date Rcvd: Aug 02, 2006
Case: 06-01080             Form ID: pdfSOME     Total Served: 3
```

```
The following entities were served by first class mail on Aug 04, 2006.
dft        Centurytel of Alabama, LLC,  100 Centurytel Drive,  Monroe, LA  71203
pla       +Cynthia D Shortsleeve,  84 Clover Street,  Gordon, AL 36343-8461
dft       +Robinson, Reagan & Young, PLLC,  260 Cumberland Bend Drive,  Nashville, TN 37228-1804

The following entities were served by electronic transmission.
NONE.                                                                       TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 04, 2006                    Signature:    *Joseph Speetjens*

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 04-12862-DHW
                                              Chapter 7
RAYMOND G. SHORTSLEEVE
CYNTHIA D. SHORTSLEEVE,

      Debtors

CYNTHIA D. SHORTSLEEVE,

      Plaintiff                          Adv. Pro. No. 06-1080-DHW

   v.

CENTURYTEL OF ALABAMA,
LLC, and ROBINSON, REAGAN
& YOUNG, PLLC,

      Defendants

## ORDER ON BRIEFING SCHEDULE

Briefs on Centurytel of Alabama, LLC's motion to dismiss this adversary proceeding may be filed by the parties no later than August 11, 2006.

The case will be taken as submitted thereafter. The briefs should contain comprehensive statements of all facts and the law the parties want considered.

Done this 8 day of August, 2006.

                /s/ Dwight H. Williams, Jr.
                United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   James D. Farmer, Attorney for Centurytel of Alabama, LLC
   Rex D. Rainach, Attorney for Centurytel of Alabama, LLC
   Robinson, Reagan & Young, PLLC, Defendant

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 04-12862-DHW
                                              Chapter 7
RAYMOND G. SHORTSLEEVE
CYNTHIA D. SHORTSLEEVE,

      Debtors

CYNTHIA D. SHORTSLEEVE,

      Plaintiff                    Adv. Pro. No. 06-1080-DHW

  v.

CENTURYTEL OF ALABAMA,
LLC, and ROBINSON, REAGAN
& YOUNG, PLLC,

      Defendants

### ORDER ON BRIEFING SCHEDULE

      Briefs on Centurytel of Alabama, LLC's motion to dismiss this adversary proceeding  may be filed by the parties no later than August 11, 2006.

      The case will be taken as submitted thereafter.  The briefs should contain comprehensive statements of all facts and the law the parties want considered.

      Done this 8 day of August, 2006.

                           /s/ Dwight H. Williams, Jr.
                           United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   James D. Farmer, Attorney for Centurytel of Alabama, LLC
   Rex D. Rainach, Attorney for Centurytel of Alabama, LLC
   Robinson, Reagan & Young, PLLC, Defendant

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 1127-1          User: jingram          Page 1 of 1              Date Rcvd: Aug 08, 2006
Case: 06-01080               Form ID: pdfSOME        Total Served: 3

The following entities were served by first class mail on Aug 10, 2006.
pla        +Cynthia D Shortsleeve,   84 Clover Street,   Gordon, AL 36343-8461
dft        +Robinson, Reagan & Young, PLLC,   260 Cumberland Bend Drive,   Nashville, TN 37228-1804
1336300     CenturyTel of Alabama, LLC,   c/o Rex D. Rainach, APLC,   3622 Government Street,
            Baton Rouge, LA 70806-5720

The following entities were served by electronic transmission.
NONE.                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 10, 2006          Signature:   *Joseph Speetjens*

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                          )
                                                )
RAYMOND G. SHORTSLEEVE, &                       )      BANKRUPTCY CASE NUMBER
CYNTHIA D. SHORTSLEEVE,                          )      04-12862
        DEBTORS.                                )      CHAPTER 7 CASE
*******************************************************************************
CYNTHIA D. SHORTSLEEVE,                          )
                                                )
        PLAINTIFF,                              )
                                                )
vs.                                             )      AP #: 06-1080
                                                )
CENTURYTEL OF ALABAMA, LLC,  &                  )
ROBINSON, REAGAN & YOUNG, PLLC.,                )
                                                )
        DEFENDANTS.                             )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Comes now the Plaintiff, Cynthia D. Shortsleeve, by and through the undersigned attorney in response to the Defendant's Motion to Dismiss.

The Plaintiff, Cynthia D. Shortsleeve (hereinafter, "Shortsleeve"), filed the instant adversary proceeding on May 8, 2006.  The Plaintiff alleges the Defendant, Robinson, Reagan & Young (hereinafter RR&Y) acting as agent for Centurytel attempted to collect a pre-petition debt for Defendant Centurytel.  The Plaintiff also asserts a claim against Defendant RR&Y for violating the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*.

On July 27, 2006, the Plaintiff filed an amended complaint against Defendants Centurytel and RR&Y.  The amended complaint asserts that: (1) Defendant Centurytel violated the Chapter 7 discharge injunction by attempting to collect a pre-petition indebtedness;  and (2) Defendant RR&Y violated the Chapter 7 discharge injunction by attempting to collect a pre-petition indebtedness and violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*.

On July 14, 2006, the Defendants filed a Motion to Dismiss pursuant to F.R.B.P. 7012(b).  The Defendants' Motion to Dismiss alleges that:

1.)    The Court lacks jurisdiction to adjudicate the FDCPA claim against Defendant RR&Y because the FDCPA allegations do not meet the jurisdictional requirements of 28 U.S.C. § 1409(a); and,

2.)    The Plaintiff does not have a private right of action against Defendants Centurytel and RR&Y for the Defenants' violation of the Discharge Injunction.

Shortsleeve opposes the Defendants' Motion to Dismiss and asserts the following:

## PROCEDURAL LEGAL ISSUES

The Defendant Centurytel exclusively raises procedural issues as the basis for its Motion to Dismiss.  First, the Defendants question whether this Court may adjudicate a pendent FDCPA claim against Defendant RR&Y when the plaintiff asserts a claim "arising under" Title 11 for enforcement of the discharge injunction as afforded by 11 U.S.C. § 524.  The Defendant Centurytel also questions whether a private right of action exists for enforcement of the discharge inunction against an offending creditor.  That is, is an adversary proceeding the proper procedural vehicle for recovering damages for violation of the discharge injunction?  For its legal authority, the Defendants neglects to cite any Eleventh Circuit authority for its argument that no private right of action exists for the Court to enforce the discharge injunction.

## ARGUMENT & ANALYSIS

Shortsleeve disagrees and urges this Honorable Court to look no further than the 11th Circuit's decision of Hardy v. United States.  97 F.3d 1384, 1390 (11th Cir. 1996).  The court, in Hardy, held that a Defendants "may be liable for contempt under § 105 if it willfully violated the permanent injunction of § 524." Id. at 1390 citing In re Jove Engineering 92 F.3d 1539, 1553-54 (11th Cir.) See also, Thigpen v. Matrix Financial Services Corporation, 2004 Bankr. Lexis 1134, 6-7(Bankr. S.D. Ala. 2004) (recognizing a debtor's right "in bankruptcy court to punish violations of court orders where bankruptcy court directive like the automatic stay or discharge injunction through use of § 105."  Judge Mahoney, in Thigpen further held

that section "105 may create a private right of action that goes beyond contempt when tied to another code section as a means of implementing that code section's requirements." Id at 7.

Filing an Adversary Proceeding was so apparent on its face that the 11th Circuit never questioned the procedure for asserting violation of the discharge injunction. Hardy v. United States. 97 F.3d 1384, (11th Cir. 1996) stating that "Mr. Hardy filed a motion to reopen his chapter 13 case pursuant to 11 U.S.C. § 350(b) in order to file an adversary proceeding against IRS for alleged violations of the discharge order. (emphasis added)" Hardy 97 F.3d at 1387 (11th Cir. 1996).

The Defendants also questions whether this Court has jurisdiction over the pendent FDCPA claim against Defendant RR&Y. In her complaint, Ms. Shortsleeve asserts that the Defendant, RR&Y, violated the discharge injunction by attempting to collect a pre-petition debt and violated the FDCPA. The complaint also asserts that all of the facts in this action arise under a common nucleus. That is, Defendant Centurytel attempted to collect a pre-petition debt through its agent Defendant RR&Y. When Defendant RR&Y undertook to collect on the pre-petition debt, it too violated the discharge injunction and the FDCPA. As such, the complaint contains an allegation against Defendant RR&Y that arises under Title 11 (e.g. the discharge violation) and pendant claims under the FDCPA.

Rule 7018 of the Federal Rules of Bankruptcy Procedure make Rule 18 of the Federal Rules of Civil Procedure applicable in adversary proceedings. Rule 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. In the instant case, this Honorable Court obtained jurisdiction to hear this adversary proceeding against Defendant RR&Y when the Plaintiff asserted a count for RR&Y's violation of the discharge injunction. Thereafter, the plaintiff my assert as many claims as she "has against an opposing party." Id. "[A] plaintiff may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 471 (U.S. 1962), "Rule 18(a) permits ... the joinder of distinct claims against one adversary." Perkins v. Board of Trustees,

116 F.3d 235, 236 (7th Cir. 1997), "Fed.Bankr.P. 7018, which incorporates Fed.R.Civ.P. 18. Rule 18(a) allows a plaintiff to raise as many claims against a particular defendant as it may have, regardless of the connection of the various claims and irrespective of the commonality of facts or issues … ." NPF X, Inc. v. Shubert (In re Nuclear Imaging Sys.), 277 B.R. 59, 62 (Bankr. D. Pa. 2002).

## CONCLUSION

In interpreting Plaintiff's complaint in a light most favorable to her, the court's only conclusion is to deny the Defendants' Motion to Dismiss.  Furthermore, it is well established within the 11th Circuit that Title 11 debtors may commence discharge violations against offending creditors.  Hardy v. United States, 97 F.3d 1384, 1389-90 (11th Cir. 1996).  Equally, within the plain meaning of Rule 7018, F.R.B.P, the plaintiff may join "as many claims, legal, equitable, or maritime, as the party has against an opposing party."

The Plaintiff respectfully requests this Honorable Court deny the Defendants' Motion to Dismiss.

Respectfully submitted this **11th** day of August, 2006.

BROCK & STOUT

/s/ David G. Poston
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@centurytel.net

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing response upon James D. Farmer, Attorney for Defendants, by e-mail at jdf@ffmlaw.com; Rex D. Rainach, Attorney for Defendants, by email at Rainach@msn.com; and William C. Carn, III., Chapter 7 Trustee, by e-mail at wcarn@leeandmcinish.com; this **11**th day of August, 2006.


*/s/ David G. Poston*
David G. Poston

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

       Debtors.

_____

CYNTHIA D. SHORTSLEEVE,

       Plaintiff,

v.

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

       Defendants.

Case No. 04-12862-DHW
Chapter 7

Adv. Proc. No. 06-01080-DHW

## ORDER ON MOTION TO DISMISS

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the motion is GRANTED in part.  Counts 1 and 2 asserted under the Fair Debt Collection Practices Act are DISMISSED for lack of jurisdiction.  The dismissal of Counts 1 and 2 will be effective on September 17, 2006 to allow time for plaintiff to move the district court to withdraw the reference of this adversary proceeding.  The motion is otherwise DENIED.

Done this 6th day of September, 2006.

                /s/ Dwight H. Williams, Jr.
                United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                      Case No. 04-12862-DHW
                                           Chapter 7
RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

            Debtors.


_____

CYNTHIA D. SHORTSLEEVE,

            Plaintiff,

v.                                         Adv. Proc. No. 06-01080-DHW

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

            Defendants.


## MEMORANDUM OPINION

Before the court is the defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6).[1]  For the reasons that follow, the motion will be granted as to the Fair Debt Collection Practices Act counts but denied as to the 11 U.S.C. § 524 counts.

## Procedural Background

_____

[1] Fed. R. Civ. Proc. 12(b) is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. Proc. 7012.

The plaintiff, Cynthia D. Shortsleeve ("Shortsleeve") originally filed this complaint on May 8, 2006 against Centurytel of Alabama, LLC ("Centurytel") and Robinson, Reagan & Young ("RR&Y").[2]  Later, on July 27, 2006, Shortsleeve filed an amended complaint against the same defendants comprising six counts.

The first two counts are asserted against both defendants under 11 U.S.C. § 524.  These counts allege that the defendants willfully violated the discharge injunction by falsely reporting to credit reporting agencies that Shortsleeve's debt was "unpaid" or was in "collection account" status instead of accurately reporting that the debt was discharged in bankruptcy.  Such reporting, Shortsleeve contends, was done in order to coerce payment of the debt.

The balance of the counts are asserted solely against RR&Y for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Count III is brought under §1692e(2) (a false representation of the character, amount, or legal status of a debt); Count IV is brought under  § 1692e(8) (communication of credit information which is known or which should have been known to be false); Count V is brought under § 1692e(10) (the use of false representations or deceptive means to collect or attempt to collect a debt); and Count VI is brought under § 1692f (the use of unfair or unconscionable practices to collect a debt).

## Law

Centurytel and RR&Y first contend that this court lacks jurisdiction over the FDCPA claims.  The court agrees.

Bankruptcy courts are courts of limited jurisdiction.  That

---

[2] Centurytel is Shortsleeve's creditor, and RR&Y is a law firm retained by Centurytel as a third-party debt collector for the purpose of collecting the Shortsleeve debt.

jurisdiction emanates from 28 U.S.C. § 1334(b) which confers title 11 jurisdiction on the district courts by providing:

> (b) Except as provided in subsection (e)(2), and notwith-standing any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).  28 U.S.C. § 157 authorizes the district court to refer to the bankruptcy court all title 11 cases and all proceedings arising under title 11 or arising  in or related to a title 11 case.  That statute provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).  In this district, the District Court has entered a general order referring title 11 matters to this court.

Hence, the bankruptcy court's subject matter jurisdiction is limited to title 11 cases and to proceedings arising under, arising in, or related to a title 11 case.  *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999)(holding that a bankruptcy court's jurisdiction is derivative and dependent upon these three bases) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)), *Transouth Financial Corp. v. Murry*, 311 B.R. 99 (M.D. Ala. 2004) (discussing the three prongs of bankruptcy court jurisdiction).

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code."  *In re Toledo*, 170 F.3d at 1345. The FDCPA claims are clearly not ones that invoke substantive rights

created by the Bankruptcy Code.   Rather, these claims arise under other provisions of federal law and exist outside of the bankruptcy context.  Hence, this court cannot claim subject matter jurisdiction of the FDCPA counts in this adversary proceeding by way of the "arising under" jurisdictional prong.

Neither can this court claim jurisdiction of the FDCPA counts under the "arising in" jurisdictional prong.  Proceedings "arising in" a case under title 11 are "generally thought to involve administrative-type matters," or as the Fifth Circuit stated, "'matters that could arise only in bankruptcy.'"  *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).  The FDCPA claims are obviously not administrative matters that could arise only in the bankruptcy context.  Rather, such claims exist independent of title 11.

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction.  The court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."  *Id*. at 788.

In this case, Shortsleeve's FDCPA claims did not arise prior to her bankruptcy petition for relief and are not property of the bankruptcy estate.  *See* 11 U.S.C. § 541.  It follows that prosecution of the FDCPA claims, successful or otherwise, could have no effect upon the administration of the bankruptcy estate.  Therefore, this court does not have jurisdiction of the FDCPA counts under the "related to" jurisdictional prong.[3]

---

[3] The defendants further argue that the FDCPA claims cannot be maintained because there is no private right of action created by 11 U.S.C. § 524.  *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). Having found that the court lacks subject matter jurisdiction over the FDCPA

Shortsleeve, however, contends that joinder rules permit her to maintain the FDCPA counts along with the discharge injunction violation counts. The court disagrees.

Fed. R. Bankr. Proc. 7018 makes Fed. R. Civ. Proc. 18 applicable in adversary proceedings. The Rule provides:

> **(a) Joinder of Claims.** A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. Proc. 18(a).

Although permissive joinder is allowed under Fed. R. Civ. Proc. 18, it cannot be said that the Rule automatically broadens the jurisdiction of a court of limited jurisdiction to embrace claims outside that jurisdiction. It does not. Permissive joinder rules cannot confer jurisdiction upon the court where none otherwise exists because "[r]ules of procedure may not modify substantive law." *BFP Investments, Inc. v. BFP Investments Ltd.*, 150 Fed. Appx. 978, 979 (11th Cir. 2005). Under Fed. R. Civ. Proc. 18, claims may be joined in an adversary proceeding provided that the claims fall within the statutorily-prescribed subject matter jurisdiction of the bankruptcy court. As previously noted, Shortsleeve's FDCPA claims are outside of this court's subject matter jurisdiction because the claims are not related to and do not arise under or in the bankruptcy case.

Centurytel and RR&Y also contend that the counts of the complaint alleging violation of the discharge injunction should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6). They acknowledge that a discharge in bankruptcy operates as an injunction against actions

_____

claims, the court need not address the issue.

to collect discharged debts. *See* 11 U.S.C. § 524(a). Yet, they contend that § 524(a) merely creates the injunction but does not provide a private right of action for its enforcement.

The Court of Appeals for this circuit has recognized that § 524 does not specifically authorize monetary relief, but notes that "the modern trend is for courts to award actual damages for violation of § 524 based on the inherent contempt power of the court." *Hardy v. United States*, 97 F.3d 1384, 1389 (11th Cir.1996) (citations omitted). In addition to the court's inherent contempt powers, the Court of Appeals found that bankruptcy courts have statutory contempt powers under 11 U.S.C. § 105. *Id.* at 1389-90. That section of the Code provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Although Shortsleeve denominates these claims as having been brought under § 524 (where no monetary relief is available), both counts clearly allege willful actions by the defendants to coerce payment of a discharged debt. The court, therefore, will construe the § 524 counts as seeking to enforce the injunction through this court's inherent or statutory contempt powers.

## Conclusion

For these reasons, the defendants' motion to dismiss the FDCPA counts of the complaint will be granted, but their motion to dismiss the counts seeking to enforce the discharge injunction and seek damages for its violation will be denied. Pursuant to Fed. R. Bankr. Proc. 9021 a separate order consistent with this memorandum opinion will enter.

Done this 6th day of September, 2006.


/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 04-12862-DHW
                                               Chapter 7

RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

       Debtors.

_____

CYNTHIA D. SHORTSLEEVE,

       Plaintiff,

v.                                             Adv. Proc. No. 06-01080-DHW

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

       Defendants.

## ORDER ON MOTION TO DISMISS

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the motion is GRANTED in part.  Counts 1 and 2 asserted under the Fair Debt Collection Practices Act are DISMISSED for lack of jurisdiction.  The dismissal of Counts 1 and 2 will be effective on September 17, 2006 to allow time for plaintiff to move the district court to withdraw the reference of this adversary proceeding.  The motion is otherwise DENIED.

Done this 6th day of September, 2006.

                      /s/ Dwight H. Williams, Jr.
                      United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

# CERTIFICATE OF SERVICE

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

```
District/off: 1127-1        User: jingram          Page 1 of 1              Date Rcvd: Sep 07, 2006
Case: 06-01080             Form ID: pdfSOME        Total Served: 1

The following entities were served by first class mail on Sep 09, 2006.
1336300        CenturyTel of Alabama, LLC,    c/o Rex D. Rainach, APLC,   3622 Government Street,
               Baton Rouge, LA  70806-5720

The following entities were served by electronic transmission.
NONE.                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 09, 2006**                    **Signature:**    *Joseph Speetjens*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                            Case No. 04-12862-DHW
                                                 Chapter 7
RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

      Debtors.

_____

CYNTHIA D. SHORTSLEEVE,

      Plaintiff,

v.                                               Adv. Proc. No. 06-01080-DHW

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

      Defendants.

**MEMORANDUM OPINION**

Before the court is the defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6).[1] For the reasons that follow, the motion will be granted as to the Fair Debt Collection Practices Act counts but denied as to the 11 U.S.C. § 524 counts.

**Procedural Background**

_____

[1] Fed. R. Civ. Proc. 12(b) is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. Proc. 7012.

The plaintiff, Cynthia D. Shortsleeve ("Shortsleeve") originally filed this complaint on May 8, 2006 against Centurytel of Alabama, LLC ("Centurytel") and Robinson, Reagan & Young ("RR&Y").[2]  Later, on July 27, 2006, Shortsleeve filed an amended complaint against the same defendants comprising six counts.

The first two counts are asserted against both defendants under 11 U.S.C. § 524.  These counts allege that the defendants willfully violated the discharge injunction by falsely reporting to credit reporting agencies that Shortsleeve's debt was "unpaid" or was in "collection account" status instead of accurately reporting that the debt was discharged in bankruptcy.  Such reporting, Shortsleeve contends, was done in order to coerce payment of the debt.

The balance of the counts are asserted solely against RR&Y for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Count III is brought under §1692e(2) (a false representation of the character, amount, or legal status of a debt); Count IV is brought under  § 1692e(8) (communication of credit information which is known or which should have been known to be false); Count V is brought under § 1692e(10) (the use of false representations or deceptive means to collect or attempt to collect a debt); and Count VI is brought under § 1692f (the use of unfair or unconscionable practices to collect a debt).

## Law

Centurytel and RR&Y first contend that this court lacks jurisdiction over the FDCPA claims.  The court agrees.

Bankruptcy courts are courts of limited jurisdiction.  That

_____

[2] Centurytel is Shortsleeve's creditor, and RR&Y is a law firm retained by Centurytel as a third-party debt collector for the purpose of collecting the Shortsleeve debt.

jurisdiction emanates from 28 U.S.C. § 1334(b) which confers title 11 jurisdiction on the district courts by providing:

> (b) Except as provided in subsection (e)(2), and notwith-standing any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).  28 U.S.C. § 157 authorizes the district court to refer to the bankruptcy court all title 11 cases and all proceedings arising under title 11 or arising  in or related to a title 11 case.  That statute provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).  In this district, the District Court has entered a general order referring title 11 matters to this court.

Hence, the bankruptcy court's subject matter jurisdiction is limited to title 11 cases and to proceedings arising under, arising in, or related to a title 11 case.  *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999)(holding that a bankruptcy court's jurisdiction is derivative and dependent upon these three bases) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)), *Transouth Financial Corp. v. Murry*, 311 B.R. 99 (M.D. Ala. 2004) (discussing the three prongs of bankruptcy court jurisdiction).

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." *In re Toledo*, 170 F.3d at 1345. The FDCPA claims are clearly not ones that invoke substantive rights

3

created by the Bankruptcy Code.   Rather, these claims arise under other provisions of federal law and exist outside of the bankruptcy context.  Hence, this court cannot claim subject matter jurisdiction of the FDCPA counts in this adversary proceeding by way of the "arising under" jurisdictional prong.

Neither can this court claim jurisdiction of the FDCPA counts under the "arising in" jurisdictional prong.  Proceedings "arising in" a case under title 11 are "generally thought to involve administrative-type matters," or as the Fifth Circuit stated, "'matters that could arise only in bankruptcy.'"  *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).  The FDCPA claims are obviously not administrative matters that could arise only in the bankruptcy context.  Rather, such claims exist independent of title 11.

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction.  The court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."  *Id*. at 788.

In this case, Shortsleeve's FDCPA claims did not arise prior to her bankruptcy petition for relief and are not property of the bankruptcy estate.  *See* 11 U.S.C. § 541.  It follows that prosecution of the FDCPA claims, successful or otherwise, could have no effect upon the administration of the bankruptcy estate.  Therefore, this court does not have jurisdiction of the FDCPA counts under the "related to" jurisdictional prong.[3]

_____

[3] The defendants further argue that the FDCPA claims cannot be maintained because there is no private right of action created by 11 U.S.C. § 524.  *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). Having found that the court lacks subject matter jurisdiction over the FDCPA

Shortsleeve, however, contends that joinder rules permit her to maintain the FDCPA counts along with the discharge injunction violation counts. The court disagrees.

Fed. R. Bankr. Proc. 7018 makes Fed. R. Civ. Proc. 18 applicable in adversary proceedings. The Rule provides:

> **(a) Joinder of Claims.** A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. Proc. 18(a).

Although permissive joinder is allowed under Fed. R. Civ. Proc. 18, it cannot be said that the Rule automatically broadens the jurisdiction of a court of limited jurisdiction to embrace claims outside that jurisdiction. It does not. Permissive joinder rules cannot confer jurisdiction upon the court where none otherwise exists because "[r]ules of procedure may not modify substantive law." *BFP Investments, Inc. v. BFP Investments Ltd.*, 150 Fed. Appx. 978, 979 (11th Cir. 2005). Under Fed. R. Civ. Proc. 18, claims may be joined in an adversary proceeding provided that the claims fall within the statutorily-prescribed subject matter jurisdiction of the bankruptcy court. As previously noted, Shortsleeve's FDCPA claims are outside of this court's subject matter jurisdiction because the claims are not related to and do not arise under or in the bankruptcy case.

Centurytel and RR&Y also contend that the counts of the complaint alleging violation of the discharge injunction should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6). They acknowledge that a discharge in bankruptcy operates as an injunction against actions

---

claims, the court need not address the issue.

5

to collect discharged debts. *See* 11 U.S.C. § 524(a). Yet, they contend that § 524(a) merely creates the injunction but does not provide a private right of action for its enforcement.

The Court of Appeals for this circuit has recognized that § 524 does not specifically authorize monetary relief, but notes that "the modern trend is for courts to award actual damages for violation of § 524 based on the inherent contempt power of the court." *Hardy v. United States*, 97 F.3d 1384, 1389 (11th Cir.1996) (citations omitted). In addition to the court's inherent contempt powers, the Court of Appeals found that bankruptcy courts have statutory contempt powers under 11 U.S.C. § 105. *Id.* at 1389-90. That section of the Code provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Although Shortsleeve denominates these claims as having been brought under § 524 (where no monetary relief is available), both counts clearly allege willful actions by the defendants to coerce payment of a discharged debt. The court, therefore, will construe the § 524 counts as seeking to enforce the injunction through this court's inherent or statutory contempt powers.

## Conclusion

For these reasons, the defendants' motion to dismiss the FDCPA counts of the complaint will be granted, but their motion to dismiss the counts seeking to enforce the discharge injunction and seek damages for its violation will be denied. Pursuant to Fed. R. Bankr. Proc. 9021 a separate order consistent with this memorandum opinion will enter.

Done this 6th day of September, 2006.


/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE  OF  SERVICE

```
District/off: 1127-1          User: jingram          Page 1 of 1                    Date Rcvd: Sep 07, 2006
Case: 06-01080               Form ID: pdfSOME        Total Served: 2

The following entities were served by first class mail on Sep 09, 2006.
pla         +Cynthia D Shortsleeve,   84 Clover Street,   Gordon, AL 36343-8461
1336300      CenturyTel of Alabama, LLC,   c/o Rex D. Rainach, APLC,   3622 Government Street,
             Baton Rouge, LA 70806-5720

The following entities were served by electronic transmission.
NONE.                                                                               TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 09, 2006                    Signature:        *Joseph Speetjens*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                    Case No. 04-12862-DHW
                                                         Chapter 7
RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

       Debtors.

_____

CYNTHIA D. SHORTSLEEVE,

       Plaintiff,

v.                                                       Adv. Proc. No. 06-01080-DHW

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

       Defendants.

**AMENDED**
**ORDER ON MOTION TO DISMISS**

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the motion is GRANTED in part. Counts 3 through 6 asserted under the Fair Debt Collection Practices Act are DISMISSED for lack of jurisdiction. The dismissal of Counts 3 through 6 will be effective on September 17, 2006 to allow time for the plaintiff to move the district court to withdraw the reference of this adversary proceeding. The motion is otherwise DENIED.

Done this 11th day of September, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND G. SHORTSLEEVE and                              CHAPTER 7
CYNTHIA D. SHORTSLEEVE                          CASE NO. 04-12862
    Debtors


CYNTHIA D. SHORTSLEEVE
    Plaintiff

Vs.                                             ADV.PRO.NO.  06-01080

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants


**MOTION TO ALLOW
ADDITIONAL INTERROGATORIES**

**NOW INTO COURT**, through undersigned counsel, comes CenturyTel of Alabama, LLC, d/b/a CenturyTel, and on behalf of Robinson, Reagan & Young, who files this motion to allow additional interrogatories and alleges:

    1.    On May 8, 2006, the debtor filed her Complaint for damages and other relief under 11 U.S.C. §524 based upon violations of 15 U.S.C. §1692 (the "Original Complaint").

    2.    CenturyTel filed its motion to dismiss certain causes of action pursuant to Federal Rules of Civil Procedure §12(b)(1) as applied by Bankruptcy Rule 7012 and its memorandum in support thereof.

    3.    On July 28, 2006, the debtor filed her amended complaint (the "Amended Complaint").

    4.    On September 6, 2006, the Court entered its order dismissing those counts of the complaint related to the FDCPA claims.

    5.    CenturyTel has prepared its First Set of Interrogatories and Requests for the Production of Documents (the "Discovery").  A copy of the Discovery is attached hereto and made a part hereof.

6.     The Discovery contains interrogatories that exceed the limit of 25 set by Bankruptcy Rule 7033.

7.     It is the nature and length of the Original Complaint and the Amended Complaint and the serious allegations of egregious, knowing, willing and bad faith violations of the discharge injunction that requires the lengthy discovery propounded in the Discovery.  The Amended Complaint is 86 paragraphs in length.  The allegations of fact and breaches of law are very complex and detailed.  The Amended Complaint contains numerous allegations that plaintiff must support with facts, documents and witnesses.

8.     For CenturyTel to determine the facts, witnesses and documentation that support these serious allegations, it must propound all of the interrogatories in the Discovery.

9.     The discovery sought by CenturyTel is not unreasonably cumulative or duplicative.  CenturyTel has made every effort to propound only one interrogatory directed at each separate allegation of the Amended Complaint and of those allegations of the Original Complaint not duplicated in the Amended Complaint.

10.     CenturyTel may not discover the facts, witnesses and documents supporting plaintiff's allegations contained in the Amended Complaint and the Original Complaint from any other party or any other source.

11.     Only through extensive written discovery will the defendants be able obtain the information sought and be able to present an effective defense.

12.     This discovery is crucial to the defense in that it will determine the  knowledge of the plaintiff in the allegations she has made and the damages she has alleged to have suffered by any acts of the defendants.

13.     This discovery is necessary.  Even if the Court does not extend the interrogatory limit, this discovery will be required in one or more subsequent sets of interrogatories.  Thus, the expense to be incurred by plaintiff in responding to extended interrogatories will be the same.

14.     It is submitted that this discovery is necessary to limit the scope of plaintiff's claims to those matters identified through responses to the Discovery.  Otherwise, defendants may have to go on a "fishing expedition" in the deposition of plaintiff that may well require subsequent depositions.

15.     These written interrogatories are necessary for the Defendants to limit the scope of the Plaintiff's claims to those matters identified by this discovery.

2

16.    CenturyTel believes that if the plaintiff responds appropriately to each of the interrogatories, the defendants may not need further discovery by interrogatory. They will be able to complete all discovery through oral depositions and further production of documents.

17.    It is submitted that it is in the best interest of all parties if the limit on interrogatories is expanded to allow the number of interrogatories propounded by CenturyTel in the Discovery.

**WHEREFORE**, CenturyTel prays for an order lifting and expanding the limit on interrogatories such that those propounded by CenturyTel in the Discovery are allowed. CenturyTel prays for any and all other relief which is just.

Dated this 13th day of September, 2006.

RESPECTFULLY SUBMITTED
COUNSEL FOR CENTURYTEL

REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:  225-343-0646
Email: Rainach@msn.com
La. Bar Roll No. 11074

JAMES D. FARMER
VIRGINIA LYNN McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL  36303
Telephone    334-794-8596
Facsimile    334-794-4401
Email        jdf@ffmlaw.com
             vlm@ffmlaw.com

/S/ James D. Farmer                                   .
JAMES D. FARMER
ASB 8636-E67J

3

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of September, 2006, I electronically filed the foregoing motion with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

> David G. Poston, Esq.
> Christol02@centurytel.net
> davidposton@centurytel.net
> brockandstout@yahoo.com

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

> Michael D. Brock
> Brock & Stout
> Post Office Drawer 311167
> Enterprise, AL  36330

> /S/ James D. Farmer

RDR/C:/CTel/Stay/Shortsleeve/03ExtendInterrog/

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE
    Debtors

CHAPTER 7
CASE NO. 04-12862

CYNTHIA D. SHORTSLEEVE
    Plaintiff

Vs.

ADV.PRO.NO.  06-01080

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants

**DEFENDANT'S
FIRST SET OF INTERROGATORIES
AND
REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

To:    Cynthia D. Shortsleeve
        Through Her Counsel of Record
        David G. Poston, Esq.
        Michael D. Brock
        Brock & Stout
        Post Office Drawer 311167
        Enterprise, AL  36330

Pursuant to Federal Rules of Bankruptcy Procedure §§7033 and 7034, **CENTURYTEL OF ALABAMA, LLC** ("CenturyTel"), and on behalf of Robinson, Reagan & Young, PLLC ("RR&Y"), hereinafter referred to together as "Defendants," through undersigned counsel, propounds the following interrogatories and document production requests to **CYNTHIA D. SHORTSLEEVE** ("Shortsleeve" or "Plaintiff"):

## I. INSTRUCTIONS AND DEFINITIONS

The following general instructions and definitions shall apply with respect to this discovery pleading, unless the contrary is specified or is clear from the context of a specific item of discovery.

A.     Definitions

As used herein, the following definitions apply:

1.     The term "person" has the same meaning as defined in §101(41) of the Bankruptcy Code, 11 U.S.C. §101(41), and includes, but is not limited to, all natural and civil persons, any individual, association, corporation, partnership, firm, joint venture or other business or legal entity and any governmental or quasi-governmental branch, department, bureau or agency.

2.     The term "document" shall mean any written, printed, non-printed, typed, photocopied, photographed or reproduced matter of any kind or character and any recorded or stored information, however produced or reproduced, (i) in "your" possession or control or (ii) known to "you" to exist, including (without limiting the generality of the foregoing), but not limited to:  books, records, accounting records, accounts receivable records, accounts payable records, notes, notes receivable, notes payable, mortgages, security agreements, pledges, assignments, evidence of any security interest, evidence of any claim of or against the debtor, tax returns, affidavits, agreements, calendars, communications, contracts, correspondence, desk pads, diaries, diary or calendar entries, interim or tentative drafts, journals and journal entries, ledgers and ledger entries, lists, memoranda, minutes and minute entries, notes, printouts, records of meetings, conferences and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, telexes, printed copies of electronic mail, teletypes and/or workpapers, and information stored in computers or other data storage or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduced to readable form through proper programming, decoding or processing, together with necessary instructions for understanding, using or reproducing the same.  The term "document" includes all originals and all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis, highlighting, or encircling, relating or referring in any way to the subject matter of these interrogatories.

3.     The terms "you" and "your" mean each person responding to these discovery requests and include every individual who, because acting on your behalf, can furnish information, including any person acting as a representative in the investigation or preparation of this action and your officers, directors, partners, agents, attorneys, investigators and

2

representatives having knowledge of any matter which is the subject of this discovery pleading, who can furnish information.

    4.    "Identify" in connection with a "document" means to:

    a.    State the type of "document" (for example, a letter, a memorandum, etc.); state the dates upon which the "document" was prepared and executed; the name and address of the recipients and intended recipients of the "document" or copies of the "document."

    b.    If the "document" constitutes or memorializes an agreement or contract, state the names of each party to the agreement or contract, the date on which it was entered into, the place where it was confected, its terms and conditions, the present location of any original copies thereof, the name and address of the custodian of each original copy, and the contents thereof.  If the agreement or contract has been amended or supplemented, this must be stated and the above information furnished on each such amendment or supplement.

    c.    State whether "you" are in possession of the original "document" or "identify" the person having custody.  If you do not possess the original "document", "identify" (i) the "person" who has the custody of, and (ii) the location  of the original "document."

    5.    Identify" in connection with a natural "person" means to:

    a.    State the person's name, present address, if known, or most recent past address if the present address is not known and telephone number.

    b.    State the person's relationship to you, "identify" his present employer and the person's position with that employer and state the person's title which is derived from that position.

    6.    Identify" in connection with a corporation means to:

    a.    State its full name, its state of incorporation and its principal place of business.

    b.    State the corporation's relationship to you.

    7.    Identify" in connection with a "person" other than an individual or a corporation means to state the person's official name, the person's organizational form and the person's present address.

3

8.     "Identify" in connection with any act, occurrence, event, action, doing, occasion, meeting, transaction or conduct shall mean to set forth the event or events constituting such act; and "identify" all documents relating or referring in any way thereto.  When used in reference to any oral conversation or discussion "identify" shall mean, in addition to the foregoing, to set forth the substance of what was said, when, where, by and to whom.

9.     "Identify" in connection with an "asset" or "property" shall mean to set forth a description of each such "asset" or "property" sufficient for a lay person to identify the same and distinguish it from any other asset or property that you are requested to describe.

10.     "Describe" or "specify" means:

a.     Set forth the manner which you are asked to "describe" or "specify," and do so fully and in detail, by reference to underlying facts rather than reference to conclusions drawn from said facts or conclusions of law.

b.     State particulars as to (i) time and (ii) place.

c.     "Identify" the "persons" participating, present or involved at any time.

d.     Set forth all facts necessary to a complete understanding of the act, process, or thing in question.

11.     "Claim" or "Claims" has the same meaning as defined in §101(5) of the Bankruptcy Code and includes, but is not limited to, the following:  debts, obligations, notes, notes payable, accounts, accounts payable, state, federal or local taxes, employee withholding taxes, mortgages, liens, encumbrances and security interests.

12.     "Original complaint" shall be the complaint filed by you in the above captioned proceeding that instigated this matter.

13.     "Amended complaint" shall be the complaint filed by you in the above captioned proceeding on 7/28/06.

14.     "Debt" has the same meaning as defined in §101(12) of the Bankruptcy Code.

15.     "Entity" has the same meaning as defined in §101(15) of the Bankruptcy Code.

16.     "CenturyTel" shall mean CenturyTel of Alabama, LLC, one of the defendants herein.

4

17.     "RR&Y" shall mean the law firm of Robinson, Reagan & Young, PLLC, a defendant herein and collectively to include all of the members, employees and agents of said firm.

18.     Words herein of any gender shall be deemed to include all other genders and the singular be deemed to encompass the plural.

19.     "The undersigned" means the party or parties on behalf of whom the attorney or attorneys signing this discovery pleading are acting, the name(s) of which appear in the style of this discovery pleading and with the signature of the attorney or attorneys signing it.

B.     Sanctions

FAILURE TO COMPLY WITH ANY PART OF THIS DISCOVERY PLEADING SHALL BE SUBJECT TO THE SANCTIONS PROVIDED UNDER FEDERAL BANKRUPTCY RULE 7037(C).

C.     Personal Files

The discovery sought by this discovery pleading encompasses material contained in, or which might be derived or ascertained from your personal files and the personal files of your officers, agents, directors, employees, managers, representatives, investigators and the files of your attorneys.

D.     Supplementation of Responses

Your responses to this discovery pleading shall be supplemented as required by Federal Bankruptcy Rule 7026(e).

E.     Objection to or Failure to Answer by Claim of Privilege of Work Product

If any discovery herein propounded is objected to or is not fully, truthfully and completely complied with because of either a claim of privilege or a claim that the document constitutes or reflects the mental impressions, conclusion, opinion or legal theory of any attorney concerning this litigation or was otherwise prepared in anticipation of litigation, then, in each such instance, state the following information as though this request were made a separate and integral part of each such request for production:

1.     If your position is based upon a claim of privilege, then:

a.     State the complete basis for your claim of privilege, including all underlying facts.

5

      b.     Identify all persons having knowledge concerning the facts, information, communications or documents which you claim to be privileged.

      c.     Identify all persons having knowledge of the facts upon which you base your claims of privilege.

      2.     If you position is based upon a claim that the document is work product or prepared in anticipation of litigation, then:

      a.     State the complete basis for your claim that the document constitutes or reflects the mental impression, conclusion, opinion or legal theory of any attorney or other person concerning this litigation.

      b.     Identify all persons having knowledge or copies of any of the documents which you claim to be or reflect mental impressions, conclusions, opinions or legal theories of any attorney or other person to whose mental impressions, conclusions, opinions or legal theories you refer.

      c.     Identify all persons having knowledge of the facts upon which you base your claims that the document is not discoverable.

      3.     In the instance of either number 1 or number 2 above, state if any of the information not disclosed is known to the personnel of any regulatory authority or agency.

## II. INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to the applicable provisions of Bankruptcy Rule 7033, Defendants propound the following interrogatories to you to be answered by the person or persons having the authority to bind you to such answers and with such information as is known by or available to you or your agents, employees, investigators, attorneys and representatives in accordance with the following instructions:

Each interrogatory shall be answered separately and fully, in writing under oath, unless an objection is entered to the interrogatory, in which event the reason for the objection shall be stated in lieu of an answer. The answers shall be provided to Defendants as provided by the applicable provision of the Bankruptcy Rules.

The answers shall be signed by the person making them, and the objection signed by the attorney representing the objecting party.

## A.  GENERAL INTERROGATORIES

**Interrogatory No. 1:**

For each witness that may have testimony relevant to the original complaint or the amended complaint and any allegations made or causes of actions raised therein, please identify the individual person who will give testimony and identify, for each witness:

      a.      The witness' name, address and telephone number;

      b.      The witness' current employer and employment position;

      c.      Any relationship between the witness and Plaintiff;  and

      d.      Any relationship between the witness and Defendant.

**Interrogatory No. 2:**

Please give a complete description of the testimony you intend to elicit from each witness.

**Interrogatory No. 3:**

Please identify and describe each document you intend to introduce at trial.

**Interrogatory No. 4:**

Please identify and describe each document utilized by you in preparation of the original complaint or the amended complaint.

**Interrogatory No. 5:**

Please identify and describe each person who provided you with information relative to the original complaint or the amended complaint.


## B.  INTERROGATORIES REGARDING THE AMENDED COMPLAINT

**Interrogatory No. 6:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 4 of the amended complaint that CenturyTel committed gross negligence in assigning the account for collection.

**Interrogatory No. 7:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 5 and 35 of the amended complaint that CenturyTel committed gross negligence in failing to disqualify the account for collection.

7

**Interrogatory No. 8:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 6, 36 and 48 of the amended complaint that CenturyTel failed to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy.

**Interrogatory No. 9:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 7 of the amended complaint that CenturyTel committed gross negligence in allowing the assigned collection account to be reported as an outstanding indebtedness on the plaintiff's consumer credit file.

**Interrogatory No. 10:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 9, 57, 59, 60 and 67 of the amended complaint that RR&Y failed to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy.

**Interrogatory No. 11:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 10 of the amended complaint that RR&Y committed gross negligence in allowing the assigned collection account to be reported as an outstanding indebtedness on the plaintiff's consumer credit file.

**Interrogatory No. 12:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 11 of the amended complaint that RR&Y continues to report a discharged debt on the plaintiff's consumer credit file.

**Interrogatory No. 13:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 20 of the amended complaint that the plaintiff was attempting to obtain employment.

**Interrogatory No. 14:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 26 of the amended complaint that CenturyTel reports debts to credit reporting agencies in the ordinary course of its business.

**Interrogatory No. 15:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 37 of the amended complaint that CenturyTel collects payments on delinquent accounts as a result of using the threat of placing unpaid and collection account in consumer's credit files.

**Interrogatory No. 16:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 38 of the amended complaint that CenturyTel threatened to place unpaid and collection account in any consumer's credit files.

**Interrogatory No. 17:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 39 of the amended complaint regarding CenturyTel's intentions.

**Interrogatory No. 18:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 40 of the amended complaint that CenturyTel trains its collection personnel to threaten to place delinquent accounts with collection agencies as a means to collect delinquent accounts.

**Interrogatory No. 19:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 41 of the amended complaint that CenturyTel uses collection telephone calls with the threat of placing delinquent accounts with collection agencies as a means to collect debts from its customers.

**Interrogatory No. 20:**

      Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 42 of the amended complaint that CenturyTel in fact collects payment on many debts as a result of placing unpaid and collection account in a consumer's credit file.

**Interrogatory No. 21:**

      Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 43 of the amended complaint that CenturyTel in fact collects payment on many debts as a result of placing delinquent accounts with a collection agency.

**Interrogatory No. 22:**

      Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 50 of the amended complaint that CenturyTel made any affirmative representation to the credit industry.

**Interrogatory No. 23:**

      Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 51 of the amended complaint how CenturyTel directed RR&Y to report to Equifax and TransUnion that the discharged debts remained due and owing.

**Interrogatory No. 24:**

      Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 52 of the amended complaint that CenturyTel reports balances on its accounts to credit reporting agencies in the ordinary course of business.

**Interrogatory No. 25:**

      Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 53 of the amended complaint that CenturyTel directs its collection agents to report balances of CenturyTel accounts to credit reporting agencies in the ordinary course of business.

**Interrogatory No. 26:**

      For each of the damages suffered by the Plaintiff in Paragraphs 54 and 71 of the amended complaint, please describe the facts and acts and identify all documents and witnesses that support the damages and provide the following specific details as to each damage:

      a.      Identify the date, time, location of and witnesses to such damage;

     b.       identify any communication with any person or any medical professional, including, but not limited to doctors and nurses, regarding such damage;

     c.       identify any medical report describing such damages;

     d.       identify any hospital stay or doctor visit regarding such damages;

     e.       identify any diagnosis made by any medical professional regarding such damages; and

     f.       identify any prescriptions for medications issued as a result of such damages.

**Interrogatory No. 27:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 55 and 72 of the amended complaint that Plaintiff has a lower credit score as a result of any act by the defendants.

**Interrogatory No. 28:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 55 and 72 of the amended complaint that plaintiff's lower credit score prohibits her from obtaining her fresh start.

**Interrogatory No. 29:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 58 of the amended complaint that RR&Y knew or should have known that Plaintiff obtained bankruptcy relief.

**Interrogatory No. 30:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 61 of the amended complaint that RR&Y threatened any consumer that it would place unpaid and collection account in consumer's credit files.

**Interrogatory No. 31:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 64 of the amended complaint that RR&Y in fact collects payment on many debts as a result of using the threat of placing unpaid and collection account in consumer's credit files.

**Interrogatory No. 32:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 74 - 77 of the amended complaint that RR&Y falsely represented the amount and legal status of the alleged debt.

**Interrogatory No. 33:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 79 - 80 of the amended complaint that RR&Y knew or should have known that the reports to the credit reporting agencies were false.

**Interrogatory No. 34:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 82 - 83 of the amended complaint that CenturyTel or RR&Y falsely represented the balance of the debt.

**Interrogatory No. 35:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 85 - 86 of the amended complaint that RR&Y utilized unconscionable means to collect or attempt to collect the debt.

**C. INTERROGATORIES RELATING TO THE ORIGINAL COMPLAINT**

**Interrogatory No. 36:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 20 of the original complaint that CenturyTel trains its collection personnel to threaten to place delinquent accounts with collection agencies as a means to collect delinquent accounts.

**Interrogatory No. 37:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 22 of the original complaint that CenturyTel trains its collection personnel to threaten to place delinquent accounts with collection agencies as a means to collect delinquent accounts.

**Interrogatory No. 38:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 30 of the original complaint the Federal Trade Commission commentary directs that debts discharged in bankruptcy be reported with a zero balance.

**Interrogatory No. 39:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 36 of the original complaint that reports to credit reporting agencies of a kind in question would cause an inexperienced, frightened, or ill-counseled debtor to succumb.

**Interrogatory No. 40:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 36 of the original complaint that the plaintiff is inexperienced, frightened, or an ill-counseled.

**Interrogatory No. 41:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 36 of the original complaint that the plaintiff succumbed to the credit reports in question.

**Interrogatory No. 42:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 38 of the original complaint that CenturyTel is aware that the balance it reports influences the conduct of lenders.

**Interrogatory No. 43:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 39 of the original complaint that CenturyTel wishes to influence the conduct of other lenders in ways that increase the chances that its accounts will be paid.

**Interrogatory No. 44:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 42 of the original complaint that CenturyTel receives hundreds of fair credit reporting disputes each year.

**Interrogatory No. 45:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 42 of the original complaint that CenturyTel has a substantial error rate in reporting the status of discharged debts.

**Interrogatory No. 46:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 43 of the original complaint that CenturyTel has not taken the necessary steps to achieve a rate of accuracy expected in the debt collection system.

**Interrogatory No. 47:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 43 of the original complaint that CenturyTel has not taken the necessary steps to achieve a rate of accuracy evidencing good compliance with the orders of this and other United States Bankruptcy Courts.

**Interrogatory No. 48:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 44 of the original complaint that CenturyTel's substantial error rate leads to a small, but insignificant, number of post bankruptcy unpaid and collection account accounts that are later paid to the defendants by poorly advised debtors.

**Interrogatory No. 49:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 44 of the original complaint any real estate or other financing transactions that was impacted by any act of the defendants.

**Interrogatory No. 50:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraph 45 of the original complaint that CenturyTel tolerates the alleged rate of error.

**Interrogatory No. 51:**

Please describe all facts and acts and identify all documents and witnesses that support the allegations of Paragraphs 46 and 53 of the original complaint that CenturyTel falsely represents the amount and legal status of the alleged debt.

### III. REQUESTS FOR PRODUCTION

**PLEASE TAKE NOTICE** that pursuant to Federal Bankruptcy Rule 7034 you are requested to produce and permit Defendants, through their attorneys or anyone acting on their behalf, to inspect and copy the documents designated below.  The documents are to be produced for inspection and copying on or within thirty (30) days of service hereof at the following location:

> The Offices of:
> JAMES D. FARMER
> VIRGINIA LYMM McINNIS
> FARMER, FARMER & MALONE, P.A.
> 112 West Troy Street, Drawer 668
> Dothan, AL  36303

**Request for Production No. 1:**

Any and all documents you intend to introduce at trial.

**Request for Production No. 2:**

Any and all documents used or referred to by you in the preparation of the original complaint or the amended complaint.

**Request for Production No. 3:**

Any and all documents used or referred to by you in the preparation of the responses to the above interrogatories.

**Request for Production No. 4:**

The "credit reporting industry standard protocol METRO TWO" as described in Paragraph 29 of the complaint.

> SUBMITTED BY:
> COUNSEL FOR CENTURYTEL
>
> REX D. RAINACH
> A PROFESSIONAL LAW CORPORATION
> 3622 Government Street
> Baton Rouge, LA  70806-5720
> Telephone:  225-343-0643
> Facsimile:  225-343-0646
> Email: Rainach@msn.com
> La. Bar Roll No. 11074

JAMES D. FARMER
VIRGINIA LYMM McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL  36303
Telephone     334-794-8596
Facsimile      334-794-4401
Email           jdf@ffmlaw.com
                    vlm@ffmlaw.com

*/S/ James D. Farmer*
JAMES D. FARMER
ASB 8636-E67J

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing discovery pleading was served upon the interested parties by depositing a copy of the same in the U.S. Mail, first class, properly addressed and postage prepaid as follows:

Michael D. Brock
David G. Poston
Brock & Stout
P.O. Drawer 311167
Enterprise, AL  36330

Dothan, AL, this 13th day of September, 2006.

*/S/ James D. Farmer*
JAMES D. FARMER

/C:/CTel/StayViolations/Shortsleeve/Discovery.01/

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION


RAYMOND G. SHORTSLEEVE and                                    CHAPTER 7
CYNTHIA D. SHORTSLEEVE                                   CASE NO. 04-12862
    Debtors


CYNTHIA D. SHORTSLEEVE
    Plaintiff

    Vs.                                                ADV.PRO.NO.  06-01080

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants


**MOTION FOR ORDER
EXTENDING THE TIME FOR DEFENDANTS
TO FILE RESPONSIVE PLEADINGS**


    **NOW INTO COURT**, through undersigned counsel, comes CenturyTel of Alabama, LLC, d/b/a CenturyTel, and on behalf of Robinson, Reagan & Young, who files this motion to extend the time for the defendants to file responsive pleadings and alleges:

    1.    On May 8, 2006, the debtor filed her Complaint for damages and other relief under 11 U.S.C. §524 based upon violations of 15 U.S.C. §1692 (the "Original Complaint").

    2.    CenturyTel filed its motion to dismiss certain causes of action pursuant to Federal Rules of Civil Procedure §12(b)(1) as applied by Bankruptcy Rule 7012 and its memorandum in support thereof.

    3.    On July 28, 2006, the debtor filed her amended complaint (the "Amended Complaint").

    4.    On September 6, 2006, the Court entered its order dismissing those counts of the complaint related to the FDCPA claims.

    5.    CenturyTel has prepared its First Set of Interrogatories and Requests for the Production of Documents (the "Discovery").

6.    CenturyTel has filed its motion to extend and expand the number of interrogatories that exceed the limit of 25 set by Bankruptcy Rule 7033.

7.    CenturyTel submits that after the plaintiff responds to the written discovery, CenturyTel will file, and the Court will ultimately grant, a motion to strike most, if not all, of the allegations of the complaint of egregious behavior by the defendants.

8.    CenturyTel submits that the motion to strike will greatly reduce the number of allegations to which the defendants must respond and the complexity of the complaint.

9.    CenturyTel submits that it is in the best interest of the defendants and this Court if an extension is granted for the defendants to file responsive pleadings such that the same will not be due until the later of the following events:

a.    Thirty days after the plaintiff's answers to the interrogatories are served upon defendants;

b.    Thirty days after the plaintiff responds to the request for production of documents; or

c.    Upon the ruling by the Court on CenturyTel's motion to strike if said motion is filed within the above times.

**WHEREFORE,** CenturyTel prays for an order extending the time for the defendants to file responsive pleadings to the times set forth herein.  CenturyTel prays for any and all other relief which is just.

Dated this 13th day of September, 2006.

RESPECTFULLY SUBMITTED
COUNSEL FOR CENTURYTEL

REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:  225-343-0646
Email: Rainach@msn.com
La. Bar Roll No. 11074

JAMES D. FARMER
VIRGINIA LYNN McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL  36303
Telephone     334-794-8596
Facsimile      334-794-4401
Email           jdf@ffmlaw.com
                    vlm@ffmlaw.com

/S/ James D. Farmer                                      .
JAMES D. FARMER
ASB 8636-E67J

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of September, 2006, I electronically filed the foregoing motion with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

> David G. Poston, Esq.
> Christol02@centurytel.net
> davidposton@centurytel.net
> brockandstout@yahoo.com

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

> Michael D. Brock
> Brock & Stout
> Post Office Drawer 311167
> Enterprise, AL  36330

> /S/ James D. Farmer

RDR/C:/CTel/Stay/Shortsleeve/03ExtenRespPleading/

## UNITED STATES BANKRUPTCY COURT

### Middle District of Alabama

| | |
|---|---|
| In re:<br>**Shortsleeve v. Centurytel of Alabama, LLC et al** | Case No.: 06–01080<br>BK Case No.: 04–12862 |

## NOTICE

PLEASE TAKE NOTICE that a hearing will be held at

U.S. Bankruptcy Court, Federal Courthouse, 101 W. Troy Street, Dothan, AL 36303

on 10/4/06 at 10:00 AM

to consider and act upon the following:

*24* – Motion To Allow Addition Interrogatories Filed by James D. Farmer on behalf of Centurytel of Alabama, LLC. (Attachments: # (1) Exhibit Discovery) (Farmer, James)

*25* – Motion to Extend Time For Defendants to File Responsive Pleadings Filed by James D. Farmer on behalf of Centurytel of Alabama, LLC. (Farmer, James)

Dated:  9/14/06

Richard S. Oda
Clerk, U.S. Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 04-12862-DHW
                                                         Chapter 7
RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

      Debtors.
_____

CYNTHIA D. SHORTSLEEVE,

      Plaintiff,

v.                                                       Adv. Proc. No. 06-01080-DHW

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

      Defendants.

## AMENDED
## ORDER ON MOTION TO DISMISS

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the motion is GRANTED in part. Counts 3 through 6 asserted under the Fair Debt Collection Practices Act are DISMISSED for lack of jurisdiction. The dismissal of Counts 3 through 6 will be effective on September 17, 2006 to allow time for the plaintiff to move the district court to withdraw the reference of this adversary proceeding. The motion is otherwise DENIED.

Done this 11th day of September, 2006.

          /s/ Dwight H. Williams, Jr.
          United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 1127-1        User: jingram          Page 1 of 1              Date Rcvd: Sep 12, 2006
Case: 06-01080             Form ID: pdfSOME        Total Served: 2
```

The following entities were served by first class mail on Sep 14, 2006.
pla        +Cynthia D Shortsleeve,   84 Clover Street,   Gordon, AL 36343-8461
1336300     CenturyTel of Alabama, LLC,   c/o Rex D. Rainach, APLC,   3622 Government Street,
            Baton Rouge, LA 70806-5720

The following entities were served by electronic transmission.
NONE.                                                                        TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 14, 2006**          **Signature:**          *Joseph Speetjens*

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND G. SHORTSLEEVE, & | ) | BANKRUPTCY CASE NUMBER |
| CYNTHIA D. SHORTSLEEVE, | ) | 04-12862 |
| DEBTORS. | ) | CHAPTER 7 CASE |

*************************************************************************

| | | |
|---|---|---|
| CYNTHIA D. SHORTSLEEVE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | AP #: 06-1080 |
| | ) | |
| CENTURYTEL OF ALABAMA, LLC,      & | ) | |
| ROBINSON, REAGAN & YOUNG, PLLC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S MOTION TO WITHDRAW REFERENCE AS TO ADVERSARY PROCEEDING

COMES NOW, the Plaintiff, Cynthia D. Shortsleeve, and moves this Honorable Court

pursuant to 28 U.S.C. § 157 (d) to withdraw the reference as to the above-styled adversary

proceeding from the United States Bankruptcy Court for the Middle District of Alabama to the

United States District Court for the Middle District of Alabama.  As grounds for said motion, the

Plaintiff asserts the following:

1) The Plaintiff filed this adversary proceeding on May 8, 2006.

2) The Plaintiff filed her amended complaint on July 27, 2006.

3) The amended complaint asserts matters relating to a violation of the Plaintiff's

Chapter 7 bankruptcy discharge, and matters and questions arising under the Fair

Debt Collection Practices Act, (hereinafter, "FDCPA"), 15 U.S.C. §§ 1692 et seq.

4) The United States Bankruptcy Court for the Middle District of Alabama previously

entered an amended order conditionally dismissing the FDCPA claims against the

Defendants unless the Plaintiff filed a Motion To Withdraw The Reference as to

those claims.

5)      To aid in the pursuit of judicial economy, and to prevent inconsistent judgments, the

Plaintiff asserts that all facts in this adversary proceeding arise from a common core

of facts, and that all matters should be tried in one proceeding.  That is, the factual

transactions involved in this adversary proceeding raise similar issues.

6)      A copy of the amended order conditionally dismissing the adversary proceeding is

attached hereto as Exhibit "A."

WHEREFORE, the Plaintiff, Cynthia D. Shortsleeve, moves this Honorable Court to withdraw

the reference as to this adversary proceeding from the United States Bankruptcy Court for the

Middle District of Alabama to the United States District Court for the Middle District of Alabama;

and for all other relief that is just.

Respectfully submitted this **14**th day of September, 2006.


BROCK & STOUT


*/s/ David G. Poston*
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@centurytel.net

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the
following by U.S. Mail, postage prepaid and fully addressed, or by electronic mail this **14**th day of September,
2006.

James D. Farmer, Esq.
Attorney for Defendants
FARMER, FARMER & MALONE, P.A.
112 W. Troy Street, Drawer 668
Dothan, AL 36303
Email: jdf@ffmlaw.com

Rex D. Rainach, Esq.
Attorney for Defendants
3622 Government Street
Baton Rouge, LA 70806
Email: Rainach@msn.com

Teresa R. Jacobs
Bankruptcy Administrator
One Church Street
Montgomery, AL 36104
Email: bs@almb.uscourts.gov

*/s/ David G. Poston*
David G. Poston

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

       Debtors.

_____

CYNTHIA D. SHORTSLEEVE,

       Plaintiff,

v.

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

       Defendants.

Case No. 04-12862-DHW
Chapter 7

Adv. Proc. No. 06-01080-DHW

## AMENDED
## ORDER ON MOTION TO DISMISS

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the motion is GRANTED in part.  Counts 3 through 6 asserted under the Fair Debt Collection Practices Act are DISMISSED for lack of jurisdiction.  The dismissal of Counts 3 through 6 will be effective on September 17, 2006 to allow time for the plaintiff to move the district court to withdraw the reference of this adversary proceeding.  The motion is otherwise DENIED.

Done this 11th day of September, 2006.

       /s/ Dwight H. Williams, Jr.
       United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
  Rex D. Rainach, Attorney for Defendant
  James D. Farmer, Attorney for Defendant

## UNITED STATES BANKRUPTCY COURT

### Middle District of Alabama

In re:                                                          Case No.: 06−01080
**Shortsleeve v. Centurytel of Alabama, LLC et al**            BK Case No.: 04−12862

## NOTICE

PLEASE TAKE NOTICE that a hearing will be held at

U.S. Bankruptcy Court, Federal Courthouse, 101 W. Troy Street, Dothan, AL 36303

on 10/4/06 at 10:00 AM

to consider and act upon the following:

*24* − Motion To Allow Addition Interrogatories Filed by James D. Farmer on behalf of Centurytel of Alabama, LLC. (Attachments: # (1) Exhibit Discovery) (Farmer, James)

*25* − Motion to Extend Time For Defendants to File Responsive Pleadings Filed by James D. Farmer on behalf of Centurytel of Alabama, LLC. (Farmer, James)

Dated:  9/14/06

Richard S. Oda
Clerk, U.S. Bankruptcy Court

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 1127-1          User: jvance           Page 1 of 1              Date Rcvd: Sep 14, 2006
Case: 06-01080               Form ID: ntchrgBK       Total Served: 4

The following entities were served by first class mail on Sep 16, 2006.
dft          Centurytel of Alabama, LLC,   100 Centurytel Drive,   Monroe, LA  71203
pla         +Cynthia D Shortsleeve,   84 Clover Street,   Gordon, AL 36343-8461
dft         +Robinson, Reagan & Young, PLLC,   260 Cumberland Bend Drive,   Nashville, TN 37228-1804
1336300      CenturyTel of Alabama, LLC,   c/o Rex D. Rainach, APLC,   3622 Government Street,
              Baton Rouge, LA  70806-5720

The following entities were served by electronic transmission.
NONE.                                                                         TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 16, 2006**                    **Signature:**   *Joseph Speetjens*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA **RECEIVED**

IN RE:

CHAPTER 13  *2006 SEP 18  A 11: 26*

RAYMOND G. SHORTSLEEVE
CYNTHIA D. SHORTSLEEVE
DEBTORS

CASE NO. 04-12862 DHW


CYNTHIA D. SHORTSLEEVE
PLAINTIFF


v.

ADV NO.  06-01080 DHW


CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG, PLLC
DEFENDANTS


### CLERK'S CERTIFICATE

I, Dianne M. Segrest, Deputy Clerk of the United States Bankruptcy Court for the Middle District of Alabama, do hereby certify that the documents herein comprise the record on motion to withdraw reference :

**1) Motion to Withdraw Reference**

In witness Whereof, I have hereunto subscribe my name and affixed the seal of said court at Montgomery in said district on this 18th day of September, 2006.


RICHARD S. ODA, CLERK
UNITED STATES  BANKRUPTCY COURT


ATTEST I hereby certify that this is a
true and correct copy of such original as it
appears of record and on file in my office.
Certified this *18th* day of *September, 2006*

U. S. BANKRUPTCY COURT
BY: *Dianne M Segrest*
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-12862-DHW
                                                   Chapter 7

RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

      Debtors.


CYNTHIA D. SHORTSLEEVE,

      Plaintiff,

v.                                                 Adv. Proc. No. 06-01080-DHW


CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

      Defendants.


## ORDER CANCELLING HEARING

The October 4, 2006 hearing on the motions filed by Centurytel of Alabama, LLC on September 13, 2006 is CANCELLED due the reassignment of this adversary proceeding to Judge William R. Sawyer.

Done this 19th day of September, 2006.

                                /s/ Dwight H. Williams, Jr.
                                United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

      Debtors.

CYNTHIA D. SHORTSLEEVE,

      Plaintiff,

v.

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

      Defendants.

Case No. 04-12862-DHW
Chapter 7

Adv. Proc. No. 06-01080-DHW

## ORDER CANCELLING HEARING

The October 4, 2006 hearing on the motions filed by Centurytel of Alabama, LLC on September 13, 2006 is CANCELLED due the reassignment of this adversary proceeding to Judge William R. Sawyer.

Done this 19th day of September, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

**BAE SYSTEMS**

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 1127-1        User: jingram        Page 1 of 1              Date Rcvd: Sep 19, 2006
Case: 06-01080             Form ID: pdfSOME      Total Served: 1
```

```
The following entities were served by first class mail on Sep 21, 2006.
1336300      CenturyTel of Alabama, LLC,   c/o Rex D. Rainach, APLC,   3622 Government Street,
             Baton Rouge, LA  70806-5720
```

```
The following entities were served by electronic transmission.
NONE.                                                                    TOTAL: 0
```

```
          ***** BYPASSED RECIPIENTS *****
NONE.                                                                    TOTAL: 0
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 21, 2006**                    **Signature:**     *Joseph Speetjens*

ALMB 2 (12/03)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama

Date:

To:

From:

Subject:

### Notice of Transfer

Dear Clerk:

     Attached please find a certified copy of the order to transfer in the above referenced case. The docket sheet, claims register, and all other electronic pleadings are available by utilizing the Pacer system at pacer.uspci.uscourts.gov.

     If you are unable to obtain access through the Pacer system, please call 334-954-3800 to arrange for transmittal of documents through other means.

     Please acknowledge receipt of this notice by signing below and returning to:

U.S. Bankruptcy Court
Middle District of Alabama
P.O. Box 1248
Montgomery, AL 36102

---

### Acknowledgment

     I acknowledge receipt of the above referenced material or record and certify that it was filed in the court on

Name:                                        Signature:

New Case Number:

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND G. SHORTSLEEVE, & | ) | BANKRUPTCY CASE NUMBER |
| CYNTHIA D. SHORTSLEEVE, | ) | 04-12862 |
| DEBTORS. | ) | CHAPTER 7 CASE |

*******************************************************************************

| | | |
|---|---|---|
| CYNTHIA D. SHORTSLEEVE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | AP #: 06-1080 |
| | ) | |
| CENTURYTEL OF ALABAMA, LLC,    & | ) | |
| ROBINSON, REAGAN & YOUNG, PLLC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## AMENDED COMPLAINT

COMES NOW, Cynthia D. Shortsleeve, by and through the undersigned attorney and presents this complaint for damages and injunctive relief against the Defendants, CenturyTel of Alabama, LLC. (hereinafter, "CenturyTel"), and Robinson, Reagan & Young, PLLC. (hereinafter, "Robinson, Reagan & Young"), and states as follows:

### I. INTRODUCTION

1. This is a Complaint for damages and injunctive relief for Defendants', CenturyTel and Robinson, Reagan, & Young's, violation of the Chapter 7 discharge injunction; and for Defendant, Robinson, Reagan & Young's, violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692, et seq.

2. The Plaintiff seeks damages for Defendant, CenturyTel's, attempt to collect a pre petition discharged debt by reporting the discharged debt on her consumer credit file.

3. The Plaintiff seeks damages for Defendant, Robinson, Reagan & Young's, attempt to collect a pre petition discharged debt by reporting the discharged debt on her consumer credit file.

4. The Plaintiff seeks damages for Defendant, CenturyTel's,  gross negligence in assigning the account for collection as an attempt to collect a pre petition debt in violation of the discharge injunction;

5. The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in failing to disqualify the account for collection, as an attempt to collect a pre petition debt, before assignment to a third party collector, to wit: Defendant, Robinson, Reagan & Young.

6.      The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy thereby resulting in attempted collection of the debt by Defendant, Robinson, Reagan & Young, in violation of the discharge injunction.

7.      The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in allowing the assigned collection account to be reported as an outstanding indebtedness on the plaintiff's consumer credit file in violation of the discharge injunction.

8.      The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in failing to disqualify the account for collection before assignment to a third party collector thereby resulting in the debt being reporting as an outstanding indebtedness on the Plaintiff's consumer credit file in violation of the discharge injunction.

9.      The Plaintiff seeks damages for Defendant, Robinson, Reagan & Young's, gross negligence in failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy thereby resulting in the plaintiff's discharged debt being reported as outstanding and past due on the plaintiff's consumer credit file in violation of the discharge injunction.

10.     The Plaintiff seeks damages for Defendant, Robinson, Reagan & Young's, gross negligence in allowing the assigned collection account to be reported as an outstanding indebtedness on the Plaintiff's consumer credit file in violation of the discharge injunction.

11.     The Defendant, Robinson, Reagan & Young's, continued reporting of  a discharged debt on the Plaintiff's consumer credit file, violates the Chapter 7 discharge injunction and the FDCPA.

## II.  JURISDICTION AND VENUE

12.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

13.     This Complaint contains primarily core proceedings pursuant to 28 U.S.C. §§ 157 and 1409.  The complaint also contains non-core allegations against Defendant, Robinson, Reagan & Young,.

## III.  PARTIES

14.     Plaintiff, Cynthia D. Shortsleeve, is a natural person residing in Houston County, Alabama.

15.     Defendant, CenturyTel, is a Louisiana corporation with its principal address believed to be located at 100 CenturyTel Drive, Monroe, Louisiana 71203.

16.     Defendant, Robinson, Reagan & Young, is a law firm engaged in the debt collection business with its principal place of business being located at 260 Cumberland Bend Drive, Nashville, Tennessee 37228. The Defendant, Robinson, Reagan & Young's, principal purpose is to collect debts using the mail and telephone.  The Defendant, Robinson, Reagan & Young, regularly attempts to collect debts alleged to be due another.  The Defendant, Robinson, Reagan & Young, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

17.    Plaintiff, Cynthia D. Shortsleeve, as a Debtor filed a petition under Title 11 Chapter 7of the United States Bankruptcy Code on December 17, 2004.  Plaintiff received a discharge on May 5, 2005.

18.    Plaintiff, Cynthia D. Shortsleeve, properly scheduled a debt to Defendant, CenturyTel, on her Schedule F (Creditors Holding Unsecured Nonpriority Claims).   The Clerk of Court's Certificate of Service reflects that the Notice of Commencement of Case (i.e. Meeting of Creditors), as well as the Notice of Discharge, were mailed to Defendant, CenturyTel.

19.    The alleged debt, to CenturyTel, was for personal, family, or household purposes.

20.    Plaintiff, Cynthia D. Shortsleeve, while attempting to obtain employment with the State of Alabama, was informed during a background investigation that certain collections were reported on her consumer credit file.

21.    Plaintiff, Cynthia D. Shortsleeve, acting with the assistance of counsel, requested copies of her credit file for review following entry of discharge and to take advantage of the fresh start in life and clear field for future endeavors offered by the Bankruptcy Code.

22.    In response to her request, Equifax, Inc. (hereinafter, Equifax), and TransUnion, LLC. (hereinafter, "TransUnion") provided a copy of Plaintiff's credit file. Both reports are dated April 26, 2006, and their trade lines are attached hereto as Exhibits "A" and "B," respectively.

23.    The Equifax credit file trade line, Exhibit "A," shows that after the discharge of the bankruptcy case, the Defendant, Robinson, Reagan & Young, acting as agent for Defendant, CenturyTel, reported an alleged debt owed to Defendant, CenturyTel, with an account number of 334693xxxx, and a balance of $279.00.   Furthermore, the account status states that the account is "Unpaid."

24.    The TransUnion credit file trade line, Exhibit "B," shows that after the discharge of the bankruptcy case, the Defendant, Robinson, Reagan & Young, acting as agent for Defendant, CenturyTel, reported an alleged debt owed to Defendant, CenturyTel, with an account number of 3346930102, and a balance of $279.00.   Furthermore, the account status is listed as being a "Collection Account."

25.    Equifax and TransUnion maintain credit files, such as Exhibits "A" and "B," in the ordinary course of business. Equifax and TransUnion report information furnished by creditors such as the Defendants, CenturyTel and Robinson, Reagan & Young.

26.    The Defendant, CenturyTel, reports debts to credit reporting agencies, including Equifax and TransUnion, in the ordinary course of its business.

27.    The Defendant, CenturyTel, acting through its collection agents, reports debts to credit reporting agencies, including Equifax and TransUnion, in the ordinary course of its business.

28.    Defendant, CenturyTel, acting through its agent Defendant, Robinson, Reagan & Young, did in fact report to Equifax on or about March 2006, that Plaintiff's accounts were "Unpaid" instead of included in bankruptcy.

29.   Defendant, Robinson, Reagan & Young, without any reasonable procedure to determine whether a collection account had filed for bankruptcy relief did in fact report to Equifax on or about March 2006, that Plaintiff's accounts were "Unpaid" instead of included in bankruptcy.

30.   Defendant, CenturyTel, acting through its agent Defendant, Robinson, Reagan & Young,, did in fact report to TransUnion on or about October 2005, that Plaintiff's account was a "Collection Account."

31.   Defendant, Robinson, Reagan & Young, without any reasonable procedure to determine whether a consumer had filed for bankruptcy relief, did in fact report to TransUnion on or about October 2005, that Plaintiff's accounts were "Unpaid" instead of included in bankruptcy.

32.   The debt, to Defendants, CenturyTel and Robinson, Reagan & Young (hereinafter, "discharged debt"), was discharged in the underlying bankruptcy case on May 5, 2005.

## COUNT I - WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION BY DEFENDANT, CENTURYTEL..

33.   Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 32 as if fully set out herein.

34.   Defendant, CenturyTel, was grossly negligent in assigning the Plaintiff's account for collection as an attempt to collect a pre petition debt in violation of the discharge injunction;

35.   Defendant, CenturyTel, was grossly negligent in failing to disqualify the Plaintiff's account for collection. The failure to disqualify the account was an attempt to collect a pre petition debt.

36.   Defendant, CenturyTel's, gross negligence in failing to implement any reliable systems to eliminate from active collection the Plaintiff's discharged debt was an act to collect a pre petition debt.

37.   Defendant, CenturyTel, collects payments on delinquent accounts as a result of using the threat of placing "Unpaid" and "Collection Account" in consumer's credit files.

38.   Threatening to place "Unpaid" and "Collection Account" in a consumer's credit file is an act to collect a debt.

39.   When Defendant, CenturyTel, places "Unpaid" and "Collection Account" in a consumer's credit file, it does so with the intent of collecting the debt.

40.   Defendant, CenturyTel, trains its collection personnel to threaten to place delinquent accounts with collection agencies as a means to collect delinquent accounts.

41.   Defendant, CenturyTel, uses collection telephone calls with the threat of placing delinquent accounts with collection agencies as a means to collect delinquent debts from its customers.

42.   Defendant, CenturyTel, in fact collects payment on many debts as a result of placing "Unpaid" and "Collection Account" in a consumer's credit file.

43.    Defendant, CenturyTel, in fact collects payment on many debts as a result of placing delinquent accounts with a collection agency.

44.    Placing "Unpaid" and "Collection Account" on a consumer's credit file is an act to collect a debt.

45.    Assigning an account to a collection agency is an act to collect a debt.

46.    The credit reporting industry standard protocol METRO TWO directs that accounts discharged in bankruptcy be reported as "Included in Bankruptcy" with no balance or a zero balance.

47.    When Defendant, CenturyTel, disqualifies an account for collection before assignment, it renounces any intent to collect the debt.

48.    By failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy, the Defendant, CenturyTel, acted to collect this debt.

49.    By assigning the Plaintiff's discharged debt in August 2005 to Defendant, Robinson, Reagan & Young, for collection, the Defendant, CenturyTel, acted to collect its debt from the Plaintiff.

50.    By assigning the Plaintiff's discharged debt in August 2005 for collection, the subsequent reporting of the discharged debt as a "Unpaid" and "Collection Account," the Defendant, CenturyTel, made an affirmative representation to the credit industry that the debt remained due, owing, and legally collectable despite the discharged bankruptcy.

51.    By allowing or directing its agent, Robinson, Reagan & Young. to report to Equifax and TransUnion that the discharged debts remained due and owing, Defendant, CenturyTel, intended to use this representation as an act to collect the debt.

52.    Defendant, CenturyTel, reports balances on its accounts to credit reporting agencies in the ordinary course of its business.

53.    Defendant, CenturyTel, allows or directs its collection agents to report balances of CenturyTel accounts to credit reporting agencies in the ordinary course of the collection agent's business.

54.    As a result of the Defendant, CenturyTel's,, actions the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical or mental suffering, pain, anguish, and fright.

55.    As a result of the Defendant, CenturyTel's, actions, the Plaintiff has a lower credit score which prohibits her from obtaining her fresh start.

### COUNT II - WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION BY DEFENDANT, ROBINSON, REAGAN & YOUNG.

56.    Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 55 as if fully set out herein.

57.    As a debt collector, Robinson, Reagan & Young has no reasonable procedure in place to determine whether its collection accounts have filed for bankruptcy relief.

58.    As a debt collector who is assigned delinquent accounts, Robinson, Reagan & Young knew or should have known that the Plaintiff obtained bankruptcy relief.

59.    As a debt collector, Robinson, Reagan & Young failed to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy.

60.    As a debt collector, Robinson, Reagan & Young failed to implement any reliable systems to eliminate active collections reported on a consumer credit file even thought the  claim was discharged in bankruptcy.

61.    Defendant, Robinson, Reagan & Young  collects payments on delinquent accounts as a result of using the threat of placing "Unpaid" and "Collection Account" in consumer's credit files.

62.    Threatening to place "Unpaid" and "Collection Account" in a consumer's credit file is an act to collect a debt.

63.    When Defendant, Robinson, Reagan & Young places "Unpaid" and "Collection Account" in a consumer's credit file, it does so with the intent of collecting the debt.

64.    Defendant, Robinson, Reagan & Young in fact collects payment on many debts as a result of placing "Unpaid" and "Collection Account" in a consumer's credit file.

65.    Placing "Unpaid" and "Collection Account" on a consumer's credit file is an act to collect a debt.

66.    The credit reporting industry standard protocol METRO TWO directs that accounts discharged in bankruptcy be reported as "Included in Bankruptcy" with no balance or a zero balance.

67.    By failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy, the Defendant, Robinson, Reagan & Young acted to collect this debt.

68.    The subsequent reporting of the discharged debt with a balance and as  "Unpaid" and "Collection Account," the Defendant, Robinson, Reagan & Young made an affirmative representation to the credit industry that the debt remained due, owing, and legally collectable despite the discharged bankruptcy.

69.    By reporting a balance on the Plaintiff's Equifax and TransUnion credit files, the Defendant asserted that  the discharged debts remained due and owing.  Defendant, Robinson, Reagan & Young intended to use this representation as an act to collect the debt.

70.    Defendant, Robinson, Reagan & Young reports balances on its accounts to credit reporting agencies in the ordinary course of its business.

**Page 6 of  9**

71.   As a result of the Defendant, Robinson, Reagan & Young's actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical or mental suffering, pain, anguish, and fright.

72.   As a result of the Defendant, Robinson, Reagan & Young's actions, the Plaintiff has a lower credit score which prohibits her from obtaining her fresh start.

### COUNT III - VIOLATION OF 15 U.S.C. § 1692e(2)
### AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:

### Falsely representing the character, amount, or
### legal status of a debt.

73.   Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 72 as if fully set out herein.

74.   15 U.S.C. § 1692e(2)(A) prohibits debt collectors from using false representations as to the character, amount, or legal status of any debt.

75.   The Defendant, Robinson, Reagan & Young, violated § 1692e(2)(A) by reporting two debts on the Plaintiff's Equifax credit file.

76.   By reporting debts on the Plaintiff's Equifax and TransUnion credit file, the Defendant is attempting to collect a debt alleged to be due another.

77.   The Defendant, by reporting debts on the Plaintiff's Equifax and TransUnion credit files, is falsely representing the amount and legal status of the alleged debt.

### COUNT IV - VIOLATION OF 15 U.S.C. § 1692e(8)
### AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:

### Communicating credit information which is known
### or which should be known to be false.

78.   Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 77 as if fully set out herein.

79.   15 U.S.C. § 1692e(8) prohibits debt collectors from communicating credit information which is known or which should be known to be false

80.   The Defendant, Robinson, Reagan & Young, violated § 1692e(8) by reporting debts on the Plaintiff's Equifax and TransUnion credit file which are known to be false or which should be known to be false.

**COUNT V - VIOLATION OF 15 U.S.C. § 1692e(10)**
**AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:**

**The use of false representation or deceptive**
**means to collect or attempt to collect any**
**debt.**

81.     Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 80 as if fully set out herein.

82.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

83.     The Defendant violated § 1692e(10) by falsely representing on the Plaintiff's Equifax and TransUnion credit files that a debt was owed.  Furthermore, the Defendant falsely represented the balance of the debt.

**COUNT VI - VIOLATION OF 15 U.S.C. § 1692f**
**AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:**

**Unfair practices.**

84.     Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 83 as if fully set out herein.

85.     15 U.S.C. § 1692f prohibits the debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

86.     The Defendant, Robinson, Reagan & Young, violated § 1692f by falsely reporting a collection account, an unpaid debt, or a balance owed on Plaintiff's Equifax and TransUnion credit files even though all of the reported debts were discharged in the Plaintiff's Chapter 7 bankruptcy case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Cynthia D. Shortsleeve, prays this Honorable Court:

a)      Find Defendants in contempt of this Court in violation of the discharge injunction;

b)      Order Defendants to report to all credit reporting agencies that the discharged debt is "Included in Bankruptcy" and now has a zero balance;

c)      Enjoin Defendants from reporting the debt as due and owing to any credit reporting agency at any future time;

d)      Award actual damages to the Plaintiff;

e)      Award maximum statutory damages of $1,000.00 from Defendant, Robinson, Reagan & Young, PLLC., to Plaintiff pursuant to 15 U.S.C. § 1692k;

f)      Award punitive damages for the Defendants' willful and intentional violation of the bankruptcy discharge injunction;

g)      Award reasonable attorney's fees for the Fair Credit Reporting disputes, which were necessitated by the wrongful action of Defendants and for the present action;

h)      Award reasonable attorney fees for the Defendant, Robinson, Reagan and Young, PLLC.'s, violation of the Fair Debt Collection Practices Act; and,

i)      Order such other and further relief as may be just.

Respectfully submitted,

BROCK & STOUT

*/s/ David G. Poston*
Michael D. Brock, Esq.
Gary Stout, Esq.
David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@CenturyTel.net

**EXHIBIT A**

| Prefix | Prefix Description |
|---|---|
| PRM | Inquiries with this prefix indicate that only your name and address were given to a credit grantor so they can provide you a firm offer of credit or insurance. (PRM inquiries remain for twelve months.) |
| AM or AR | Inquiries with these prefixes indicate a periodic review of your credit history by one of your creditors. (AM and AR inquiries remain for twelve months.) |
| Equifax or EFX | Inquiries with these prefixes indicate Equifax's activity in response to your contact with us for a copy of your credit file or a research request. |
| ND | Inquiries with this prefix are general inquiries that do not display to credit grantors. (ND inquiries remain for twelve months.) |
| ND MR | Inquiries with this prefix indicate the reissue of a mortgage credit report containing information from your Equifax credit file to another company in connection with a mortgage loan. (ND MR inquiries remain for 24 months.) |
| PR | Inquiries with this prefix indicate that a creditor reviewed your account as part of a portfolio they are purchasing. (PR inquiries remain for 12 months.) |

Back to Top

### Collections

A collection is an account that has been turned over to a collection agency by one of your creditors because you have not paid the account as agreed. If you believe that any of this information is incorrect, please see the Dispute File Information section at the end of this report.

| ROBINSON, REAGAN & YOUNG, P.C | |
|---|---|
| Agency Address: | 260 CUMBERLAND BEND NASHVILLE, TN 37228 (615) 726-0902 |
| Date Reported: | 03/2006 |
| Date Assigned: | 08/2005 |
| Creditor Classification: | |

Equifax FACT Act

| Creditor Name: | CENTURYTEL |
|---|---|
| Accounts Number: | 334693XXXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $279 |
| Date of 1 st Delinquency: | 02/2004 |
| Balance Date: | 03/2006 |
| Balance Owned: | $279 |
| Date of Last Activity : | n/a |
| Status Date: | 03/2006 |
| Status: | D - Unpaid |
| | N/A |

**EXHIBIT B**

**ROBINSON REAGAN AND YOU** #3346930102

260 Cumberland Ben
NASHVILLE , TN 37228
(615) 726-0902

| | | | |
|---|---|---|---|
| **Balance:** | $279 | **Pay Status:** | >Collection Account< |
| **Date Updated:** | 10/2005 | **Account Type:** | Open Account |
| **Original Balance:** | $279 | **Responsibility:** | Individual Account |
| **Original Creditor:** | CENTURYTEL | | |
| **Past Due:** | $0 | | |

**Loan Type:** Collection Agency Attorney

## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF ALABAMA

In re:

RAYMOND G. SHORTSLEEVE, &
 CYNTHIA D. SHORTSLEEVE,
     **Debtor**s                                Bankruptcy Case No.04-12862

CYNTHIA D. SHORTSLEEVE,
     **Plaintiff**
                                             Adversary Proceeding No.06-1080

CENTURYTEL OF ALABAMA, LLC, &
ROBINSON, REAGAN & YOUNG, PLLC.,
     **Defendant**s

## SUMMONS AND NOTICE OF TRIAL
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

```
Address of Clerk: United States Bankruptcy Court
                  P.O. Box 1248
                  Montgomery, AL 36102-1248
```

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

```
Name and Address of Plaintiff's Attorney:
              DAVID G. POSTON, ESQ.
              BROCK & STOUT
         POST OFFICE DRAWER 311167
         ENTERPRISE, ALABAMA 36331
```

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**