**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                            TELEPHONE (334) 954-3600

October 5, 2006

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:   Shortsleeve v. CenturyTel of Alabama, LLC et al**

**Case Number:   1:06-cv-00892-MHT**

**This Notice of Correction was filed in the referenced case this date to correct the PDF document attachment for the Amended Complaint previously attached.**

**The correct PDF document is attached to this notice for your review.   Reference is made to Docket Entry 1 attachment Amended Complaint   filed on   October 4, 2006.**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND G. SHORTSLEEVE, & | ) | BANKRUPTCY CASE NUMBER |
| CYNTHIA D. SHORTSLEEVE, | ) | 04-12862 |
|     DEBTORS. | ) | CHAPTER 7 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CYNTHIA D. SHORTSLEEVE, | ) | |
| | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | AP #: 06-1080 |
| | ) | |
| CENTURYTEL OF ALABAMA, LLC,   & | ) | |
| ROBINSON, REAGAN & YOUNG, PLLC., | ) | |
| | ) | |
|     DEFENDANTS. | ) | |

## AMENDED COMPLAINT

    COMES NOW, Cynthia D. Shortsleeve, by and through the undersigned attorney and presents this complaint for damages and injunctive relief against the Defendants, CenturyTel of Alabama, LLC. (hereinafter, "CenturyTel"), and Robinson, Reagan & Young, PLLC. (hereinafter, "Robinson, Reagan & Young"), and states as follows:

### I. INTRODUCTION

1.     This is a Complaint for damages and injunctive relief for Defendants', CenturyTel and Robinson, Reagan, & Young's, violation of the Chapter 7 discharge injunction; and for Defendant, Robinson, Reagan & Young's, violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692, et seq.

2.     The Plaintiff seeks damages for Defendant, CenturyTel's, attempt to collect a pre petition discharged debt by reporting the discharged debt on her consumer credit file.

3.     The Plaintiff seeks damages for Defendant, Robinson, Reagan & Young's, attempt to collect a pre petition discharged debt by reporting the discharged debt on her consumer credit file.

4.     The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in assigning the account for collection as an attempt to collect a pre petition debt in violation of the discharge injunction;

5.     The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in failing to disqualify the account for collection, as an attempt to collect a pre petition debt, before assignment to a third party collector, to wit: Defendant, Robinson, Reagan & Young.

6. The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy thereby resulting in attempted collection of the debt by Defendant, Robinson, Reagan & Young, in violation of the discharge injunction.

7. The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in allowing the assigned collection account to be reported as an outstanding indebtedness on the plaintiff's consumer credit file in violation of the discharge injunction.

8. The Plaintiff seeks damages for Defendant, CenturyTel's, gross negligence in failing to disqualify the account for collection before assignment to a third party collector thereby resulting in the debt being reporting as an outstanding indebtedness on the Plaintiff's consumer credit file in violation of the discharge injunction.

9. The Plaintiff seeks damages for Defendant, Robinson, Reagan & Young's, gross negligence in failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy thereby resulting in the plaintiff's discharged debt being reported as outstanding and past due on the plaintiff's consumer credit file in violation of the discharge injunction.

10. The Plaintiff seeks damages for Defendant, Robinson, Reagan & Young's, gross negligence in allowing the assigned collection account to be reported as an outstanding indebtedness on the Plaintiff's consumer credit file in violation of the discharge injunction.

11. The Defendant, Robinson, Reagan & Young's, continued reporting of a discharged debt on the Plaintiff's consumer credit file, violates the Chapter 7 discharge injunction and the FDCPA.

## II. JURISDICTION AND VENUE

12. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

13. This Complaint contains primarily core proceedings pursuant to 28 U.S.C. §§ 157 and 1409. The complaint also contains non-core allegations against Defendant, Robinson, Reagan & Young,.

## III. PARTIES

14. Plaintiff, Cynthia D. Shortsleeve, is a natural person residing in Houston County, Alabama.

15. Defendant, CenturyTel, is a Louisiana corporation with its principal address believed to be located at 100 CenturyTel Drive, Monroe, Louisiana 71203.

16. Defendant, Robinson, Reagan & Young, is a law firm engaged in the debt collection business with its principal place of business being located at 260 Cumberland Bend Drive, Nashville, Tennessee 37228. The Defendant, Robinson, Reagan & Young's, principal purpose is to collect debts using the mail and telephone. The Defendant, Robinson, Reagan & Young, regularly attempts to collect debts alleged to be due another. The Defendant, Robinson, Reagan & Young, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

17.   Plaintiff, Cynthia D. Shortsleeve, as a Debtor filed a petition under Title 11 Chapter 7of the United States Bankruptcy Code on December 17, 2004.  Plaintiff received a discharge on May 5, 2005.

18.   Plaintiff, Cynthia D. Shortsleeve, properly scheduled a debt to Defendant, CenturyTel, on her Schedule F (Creditors Holding Unsecured Nonpriority Claims).  The Clerk of Court's Certificate of Service reflects that the Notice of Commencement of Case (i.e. Meeting of Creditors), as well as the Notice of Discharge, were mailed to Defendant, CenturyTel.

19.   The alleged debt, to CenturyTel, was for personal, family, or household purposes.

20.   Plaintiff, Cynthia D. Shortsleeve, while attempting to obtain employment with the State of Alabama, was informed during a background investigation that certain collections were reported on her consumer credit file.

21.   Plaintiff, Cynthia D. Shortsleeve, acting with the assistance of counsel, requested copies of her credit file for review following entry of discharge and to take advantage of the fresh start in life and clear field for future endeavors offered by the Bankruptcy Code.

22.   In response to her request, Equifax, Inc. (hereinafter, Equifax), and TransUnion, LLC. (hereinafter, "TransUnion") provided a copy of Plaintiff's credit file. Both reports are dated April 26, 2006, and their trade lines are attached hereto as Exhibits "A" and "B," respectively.

23.   The Equifax credit file trade line, Exhibit "A," shows that after the discharge of the bankruptcy case, the Defendant, Robinson, Reagan & Young, acting as agent for Defendant, CenturyTel, reported an alleged debt owed to Defendant, CenturyTel, with an account number of 334693xxxx, and a balance of $279.00.  Furthermore, the account status states that the account is "Unpaid."

24.   The TransUnion credit file trade line, Exhibit "B," shows that after the discharge of the bankruptcy case, the Defendant, Robinson, Reagan & Young, acting as agent for Defendant, CenturyTel, reported an alleged debt owed to Defendant, CenturyTel, with an account number of 3346930102, and a balance of $279.00.  Furthermore, the account status is listed as being a "Collection Account."

25.   Equifax and TransUnion maintain credit files, such as Exhibits "A" and "B," in the ordinary course of business. Equifax and TransUnion report information furnished by creditors such as the Defendants, CenturyTel and Robinson, Reagan & Young.

26.   The Defendant, CenturyTel, reports debts to credit reporting agencies, including Equifax and TransUnion, in the ordinary course of its business.

27.   The Defendant, CenturyTel, acting through its collection agents, reports debts to credit reporting agencies, including Equifax and TransUnion, in the ordinary course of its business.

28.   Defendant, CenturyTel, acting through its agent Defendant, Robinson, Reagan & Young, did in fact report to Equifax on or about March 2006, that Plaintiff's accounts were "Unpaid" instead of included in bankruptcy.

29. Defendant, Robinson, Reagan & Young, without any reasonable procedure to determine whether a collection account had filed for bankruptcy relief did in fact report to Equifax on or about March 2006, that Plaintiff's accounts were "Unpaid" instead of included in bankruptcy.

30. Defendant, CenturyTel, acting through its agent Defendant, Robinson, Reagan & Young,, did in fact report to TransUnion on or about October 2005, that Plaintiff's account was a "Collection Account."

31. Defendant, Robinson, Reagan & Young, without any reasonable procedure to determine whether a consumer had filed for bankruptcy relief, did in fact report to TransUnion on or about October 2005, that Plaintiff's accounts were "Unpaid" instead of included in bankruptcy.

32. The debt, to Defendants, CenturyTel and Robinson, Reagan & Young (hereinafter, "discharged debt"), was discharged in the underlying bankruptcy case on May 5, 2005.

## COUNT I - WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION BY DEFENDANT, CENTURYTEL..

33. Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 32 as if fully set out herein.

34. Defendant, CenturyTel, was grossly negligent in assigning the Plaintiff's account for collection as an attempt to collect a pre petition debt in violation of the discharge injunction;

35. Defendant, CenturyTel, was grossly negligent in failing to disqualify the Plaintiff's account for collection. The failure to disqualify the account was an attempt to collect a pre petition debt.

36. Defendant, CenturyTel's, gross negligence in failing to implement any reliable systems to eliminate from active collection the Plaintiff's discharged debt was an act to collect a pre petition debt.

37. Defendant, CenturyTel, collects payments on delinquent accounts as a result of using the threat of placing "Unpaid" and "Collection Account" in consumer's credit files.

38. Threatening to place "Unpaid" and "Collection Account" in a consumer's credit file is an act to collect a debt.

39. When Defendant, CenturyTel, places "Unpaid" and "Collection Account" in a consumer's credit file, it does so with the intent of collecting the debt.

40. Defendant, CenturyTel, trains its collection personnel to threaten to place delinquent accounts with collection agencies as a means to collect delinquent accounts.

41. Defendant, CenturyTel, uses collection telephone calls with the threat of placing delinquent accounts with collection agencies as a means to collect delinquent debts from its customers.

42. Defendant, CenturyTel, in fact collects payment on many debts as a result of placing "Unpaid" and "Collection Account" in a consumer's credit file.

43. Defendant, CenturyTel, in fact collects payment on many debts as a result of placing delinquent accounts with a collection agency.

44. Placing "Unpaid" and "Collection Account" on a consumer's credit file is an act to collect a debt.

45. Assigning an account to a collection agency is an act to collect a debt.

46. The credit reporting industry standard protocol METRO TWO directs that accounts discharged in bankruptcy be reported as "Included in Bankruptcy" with no balance or a zero balance.

47. When Defendant, CenturyTel, disqualifies an account for collection before assignment, it renounces any intent to collect the debt.

48. By failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy, the Defendant, CenturyTel, acted to collect this debt.

49. By assigning the Plaintiff's discharged debt in August 2005 to Defendant, Robinson, Reagan & Young, for collection, the Defendant, CenturyTel, acted to collect its debt from the Plaintiff.

50. By assigning the Plaintiff's discharged debt in August 2005 for collection, the subsequent reporting of the discharged debt as a "Unpaid" and "Collection Account," the Defendant, CenturyTel, made an affirmative representation to the credit industry that the debt remained due, owing, and legally collectable despite the discharged bankruptcy.

51. By allowing or directing its agent, Robinson, Reagan & Young. to report to Equifax and TransUnion that the discharged debts remained due and owing, Defendant, CenturyTel, intended to use this representation as an act to collect the debt.

52. Defendant, CenturyTel, reports balances on its accounts to credit reporting agencies in the ordinary course of its business.

53. Defendant, CenturyTel, allows or directs its collection agents to report balances of CenturyTel accounts to credit reporting agencies in the ordinary course of the collection agent's business.

54. As a result of the Defendant, CenturyTel's,, actions the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical or mental suffering, pain, anguish, and fright.

55. As a result of the Defendant, CenturyTel's, actions, the Plaintiff has a lower credit score which prohibits her from obtaining her fresh start.

**COUNT II - WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION BY
DEFENDANT, ROBINSON, REAGAN & YOUNG.**

56. Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 55 as if fully set out herein.

57. As a debt collector, Robinson, Reagan & Young has no reasonable procedure in place to determine whether its collection accounts have filed for bankruptcy relief.

58. As a debt collector who is assigned delinquent accounts, Robinson, Reagan & Young knew or should have known that the Plaintiff obtained bankruptcy relief.

59. As a debt collector, Robinson, Reagan & Young failed to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy.

60. As a debt collector, Robinson, Reagan & Young failed to implement any reliable systems to eliminate active collections reported on a consumer credit file even thought the claim was discharged in bankruptcy.

61. Defendant, Robinson, Reagan & Young collects payments on delinquent accounts as a result of using the threat of placing "Unpaid" and "Collection Account" in consumer's credit files.

62. Threatening to place "Unpaid" and "Collection Account" in a consumer's credit file is an act to collect a debt.

63. When Defendant, Robinson, Reagan & Young places "Unpaid" and "Collection Account" in a consumer's credit file, it does so with the intent of collecting the debt.

64. Defendant, Robinson, Reagan & Young in fact collects payment on many debts as a result of placing "Unpaid" and "Collection Account" in a consumer's credit file.

65. Placing "Unpaid" and "Collection Account" on a consumer's credit file is an act to collect a debt.

66. The credit reporting industry standard protocol METRO TWO directs that accounts discharged in bankruptcy be reported as "Included in Bankruptcy" with no balance or a zero balance.

67. By failing to implement any reliable systems to eliminate from active collection all claims discharged in bankruptcy, the Defendant, Robinson, Reagan & Young acted to collect this debt.

68. The subsequent reporting of the discharged debt with a balance and as "Unpaid" and "Collection Account," the Defendant, Robinson, Reagan & Young made an affirmative representation to the credit industry that the debt remained due, owing, and legally collectable despite the discharged bankruptcy.

69. By reporting a balance on the Plaintiff's Equifax and TransUnion credit files, the Defendant asserted that the discharged debts remained due and owing. Defendant, Robinson, Reagan & Young intended to use this representation as an act to collect the debt.

70. Defendant, Robinson, Reagan & Young reports balances on its accounts to credit reporting agencies in the ordinary course of its business.

71. As a result of the Defendant, Robinson, Reagan & Young's actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical or mental suffering, pain, anguish, and fright.

72. As a result of the Defendant, Robinson, Reagan & Young's actions, the Plaintiff has a lower credit score which prohibits her from obtaining her fresh start.

### COUNT III - VIOLATION OF 15 U.S.C. § 1692e(2)
### AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:

### Falsely representing the character, amount, or legal status of a debt.

73. Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 72 as if fully set out herein.

74. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from using false representations as to the character, amount, or legal status of any debt.

75. The Defendant, Robinson, Reagan & Young, violated § 1692e(2)(A) by reporting two debts on the Plaintiff's Equifax credit file.

76. By reporting debts on the Plaintiff's Equifax and TransUnion credit file, the Defendant is attempting to collect a debt alleged to be due another.

77. The Defendant, by reporting debts on the Plaintiff's Equifax and TransUnion credit files, is falsely representing the amount and legal status of the alleged debt.

### COUNT IV - VIOLATION OF 15 U.S.C. § 1692e(8)
### AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:

### Communicating credit information which is known or which should be known to be false.

78. Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 77 as if fully set out herein.

79. 15 U.S.C. § 1692e(8) prohibits debt collectors from communicating credit information which is known or which should be known to be false

80. The Defendant, Robinson, Reagan & Young, violated § 1692e(8) by reporting debts on the Plaintiff's Equifax and TransUnion credit file which are known to be false or which should be known to be false.

**COUNT V - VIOLATION OF 15 U.S.C. § 1692e(10)**
**AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:**

**The use of false representation or deceptive**
**means to collect or attempt to collect any**
**debt.**

81. Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 80 as if fully set out herein.

82. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

83. The Defendant violated § 1692e(10) by falsely representing on the Plaintiff's Equifax and TransUnion credit files that a debt was owed. Furthermore, the Defendant falsely represented the balance of the debt.

**COUNT VI - VIOLATION OF 15 U.S.C. § 1692f**
**AS TO DEFENDANT, ROBINSON, REAGAN & YOUNG:**

**Unfair practices.**

84. Plaintiff, Cynthia D. Shortsleeve, adopts and incorporates paragraphs 1 through 83 as if fully set out herein.

85. 15 U.S.C. § 1692f prohibits the debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

86. The Defendant, Robinson, Reagan & Young, violated § 1692f by falsely reporting a collection account, an unpaid debt, or a balance owed on Plaintiff's Equifax and TransUnion credit files even though all of the reported debts were discharged in the Plaintiff's Chapter 7 bankruptcy case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Cynthia D. Shortsleeve, prays this Honorable Court:

a) Find Defendants in contempt of this Court in violation of the discharge injunction;

b) Order Defendants to report to all credit reporting agencies that the discharged debt is "Included in Bankruptcy" and now has a zero balance;

c) Enjoin Defendants from reporting the debt as due and owing to any credit reporting agency at any future time;

d) Award actual damages to the Plaintiff;

e) Award maximum statutory damages of $1,000.00 from Defendant, Robinson, Reagan & Young, PLLC., to Plaintiff pursuant to 15 U.S.C. § 1692k;

f) Award punitive damages for the Defendants' willful and intentional violation of the bankruptcy discharge injunction;

g) Award reasonable attorney's fees for the Fair Credit Reporting disputes, which were necessitated by the wrongful action of Defendants and for the present action;

h) Award reasonable attorney fees for the Defendant, Robinson, Reagan and Young, PLLC.'s, violation of the Fair Debt Collection Practices Act; and,

i) Order such other and further relief as may be just.

Respectfully submitted,

BROCK & STOUT

*/s/ David G. Poston*
Michael D. Brock, Esq.
Gary Stout, Esq.
David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@CenturyTel.net

**EXHIBIT A**

| Prefix | Prefix Description |
|---|---|
| PRM | Inquiries with this prefix indicate that only your name and address were given to a credit grantor so they can provide you a firm offer of credit or insurance.<br>(PRM inquiries remain for twelve months.) |
| AM or AR | Inquiries with these prefixes indicate a periodic review of your credit history by one of your creditors.<br>(AM and AR inquiries remain for twelve months.) |
| Equifax or EFX | Inquiries with these prefixes indicate Equifax's activity in response to your contact with us for a copy of your credit file or a research request. |
| ND | Inquiries with this prefix are general inquiries that do not display to credit grantors.<br>(ND inquiries remain for twelve months.) |
| ND MR | Inquiries with this prefix indicate the reissue of a mortgage credit report containing information from your Equifax credit file to another company in connection with a mortgage loan.<br>(ND MR inquiries remain for 24 months.) |
| PR | Inquiries with this prefix indicate that a creditor reviewed your account as part of a portfolio they are purchasing.<br>(PR inquiries remain for 12 months.) |

Back to Top

## Collections

A collection is an account that has been turned over to a collection agency by one of your creditors because you have not paid the account as agreed. If you believe that any of this information is incorrect, please see the Dispute File Information section at the end of this report.

| ROBINSON, REAGAN & YOUNG, P.C | | |
|---|---|---|
| Agency Address: | 260 CUMBERLAND BEND<br>NASHVILLE, TN 37228<br>(615) 726-0902 | |
| Date Reported: | 03/2006 | |
| Date Assigned: | 08/2005 | |
| Creditor Classification: | | |

https://fact.econsumer.equifax.com/fact/productView.ehtml?prod_cd=CRD&oi_num=FA...   4/26/2006

Equifax FACT Act

| Creditor Name: | CENTURYTEL |
|---|---|
| Accounts Number: | 334693XXXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $279 |
| Date of 1 st Delinquency: | 02/2004 |
| Balance Date: | 03/2006 |
| Balance Owned: | $279 |
| Date of Last Activity : | n/a |
| Status Date: | 03/2006 |
| Status: | D – Unpaid |
| | N/A |

**EXHIBIT B**

**ROBINSON REAGAN AND YOU** #3346930102
260 Cumberland Ben
NASHVILLE, TN 37228
(615) 726-0902

| | |
|---|---|
| Balance: | $279 |
| Date Updated: | 10/2005 |
| Original Balance: | $279 |
| Original Creditor: | CENTURYTEL |
| Past Due: | $0 |
| Pay Status: | >Collection Account< |
| Account Type: | Open Account |
| Responsibility: | Individual Account |

**Loan Type:** Collection Agency Attorney

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re:

RAYMOND G. SHORTSLEEVE, &
CYNTHIA D. SHORTSLEEVE,
    **Debtor**s                                       Bankruptcy Case No.04-12862

CYNTHIA D. SHORTSLEEVE,
    **Plaintiff**

                                                                       Adversary Proceeding No.06-1080

CENTURYTEL OF ALABAMA, LLC, &
ROBINSON, REAGAN & YOUNG, PLLC.,
    **Defendant**s

**SUMMONS AND NOTICE OF TRIAL**
**IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

> Address of Clerk: United States Bankruptcy Court
>                            P.O. Box 1248
>                            Montgomery, AL 36102-1248

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> Name and Address of Plaintiff's Attorney:
>                      DAVID G. POSTON, ESQ.
>                         BROCK & STOUT
>            POST OFFICE DRAWER 311167
>            ENTERPRISE, ALABAMA 36331

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**