UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CYNTHIA D. SHORTSLEEVE
    Plaintiff

Vs.

CIVIL ACTION NO.
1:06cv892-MHT

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants

## ANSWER TO AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes CenturyTel of Alabama, LLC, d/b/a CenturyTel, hereinafter referred to as Defendant, who files this answer to the amended complaint for damages and other relief under 11 U.S.C. §524 based upon violations of 15 U.S.C. §1692, et seq. (the "FDCPA") filed by the debtor ("the Complaint") and alleges:

### I. FIRST DEFENSE

1.     The Complaint fails to state a claim upon which relief can be granted.

### II. SECOND DEFENSE

2.     Defendant acted in good faith and not by any means prohibited by or actionable under any Federal or state law, including those alleged in the Complaint.

### III. THIRD DEFENSE

3.     Any actions by the Defendant were done without intent to violate the discharge injunction.

### IV. FOURTH DEFENSE

4.     Any acts by Defendant to "collect" any debt owed by the complainant to CenturyTel that violated the discharge injunction herein, which is denied, were inadvertent, simple mistakes, not willful or intentional attempts to violate the discharge injunction and, at most, were mere technical violations of the discharge. None of said acts give rise to a contempt citation or an award of damages, costs or attorney's fees under 11 U.S.C. §524.

## V. FIFTH DEFENSE

5.     Any collection letter from Robinson, Reagan & Young, PLLC (" RR&Y") to complainant did not violate the FDCPA since she never received the same and, even if she had, any such letter was in complete compliance with the FDCPA.

## VI. SIXTH DEFENSE

6.     The reports to the credit reporting agencies submitted by RR&Y do not violate the discharge injunction or the FDCPA. Said reporting was truthful, accurate and incompliance with the FDCPA.

## VII. SEVENTH DEFENSE

7.     Any actions by RR&Y that may have violated the FDCPA, which are denied, are defensible under the *bone fide* error defense provided by the FDCPA.

## VIII. EIGHTH DEFENSE

8.     RR&Y acted without the knowledge that the complainant had filed a Chapter 7 bankruptcy and had received a discharge therein.

## IX. ANSWER

9.     Defendant answers the complaint by denying each and every allegation therein that is not specifically admitted hereafter.

10.    Paragraphs 1 through 10, 33, 56, 73, 78, 81 and 84 of the Complaint do not require an answer; but, to the extent any answer is required, Defendant denies the allegations contained in the same.

11.    Defendant denies the allegations in paragraphs 11, 15, 26-31, 34-45, 48, 50-55, 57-62, 65, 67-69, 71, 72, 75-77, 80, 83 and 86 of the Complaint.

12.    Defendant admits that this Court has jurisdiction to enforce the orders of the Bankruptcy Court under 11 U.S.C. §524 and to enforce the provisions of the FDCPA; but, otherwise denies the allegations of paragraphs 12 and 13 of the complaint since they were drafted to create Bankruptcy Court jurisdiction and venue.

13.    Defendant admits to the allegations in paragraphs 14 and 17-19 of the Complaint.

14.    Defendant denies as written the allegations in paragraphs 16, 32, 47 and 49 of the Complaint.

15.    Defendant denies for lack of sufficient information to form a belief therein the allegations of paragraphs 14, 20-22, 25, 46, 63, 64, 66 and 70 of the Complaint.

16. The Equifax credit file is the best evidence of its contents; otherwise, the Defendant denies the allegations of paragraph 23 of the Complaint.

17. The Transunion credit file is the best evidence of its contents; otherwise, the Defendant denies the allegations of paragraph 24 of the Complaint.

18. The statutes of the FDCPA are the best evidence of the contents thereof; otherwise, the Defendant denies the allegations of paragraphs 74, 79, 82 and 85 of the Complaint.

**WHEREFORE**, CenturyTel prays as follows:

A. that the alleged cause of action of the Complaint for violation of the discharge injunction be dismissed;

B. that, in the alternative, after all due proceedings, judgment be granted in favor of Defendant and against the complainant in all matters; and

C. for any and all other relief which is just.

RESPECTFULLY SUBMITTED
COUNSEL FOR CENTURYTEL

REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA 70806-5720
Telephone: 225-343-0643
Facsimile: 225-343-0646
Email: Rainach@msn.com
La. Bar Roll No. 11074

JAMES D. FARMER
VIRGINIA LYNN McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL 36303
Telephone    334-794-8596
Facsimile    334-794-4401
Email        jdf@ffmlaw.com
             vlm@ffmlaw.com

/s/ James D. Farmer
JAMES D. FARMER
ASB 8636-E67J

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

    David G. Poston, Esq.
    Christo102@centurytel.net
    davidposton@centurytel.net
    brockandstout@yahoo.com

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

    Michael D. Brock
    Brock & Stout
    Post Office Drawer 311167
    Enterprise, AL  36330

    Worrick G. Robinson IV
    Robinson, Reagan & Young, PLLC
    260 Cumberland Bend
    Nashville, TN  37228-1804

                                          */s/ James D. Farmer*