UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CYNTHIA D. SHORTSLEEVE
    Plaintiff

Vs.

CIVIL ACTION NO.
1:06cv892-MHT

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants

## ANSWER OF ROBINSON, REAGAN AND YOUNG, PLLC TO AMENDED COMPLAINT

**COMES NOW THE DEFENDANT, ROBINSON, REAGAN AND YOUNG, PLLC**, (" RR&Y"), through undersigned counsel, hereinafter also referred to as Defendant, and files this answer to the amended complaint for damages and other relief under 11 U.S.C. §524 based upon violations of 15 U.S.C. §1692, et seq. (the "FDCPA") filed by the debtor ("the Complaint") and alleges:

### I. FIRST DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted.

### II. SECOND DEFENSE

2.    Defendant acted in good faith and not by any means prohibited by or actionable under any Federal or state law, including those alleged in the Complaint.

### III. THIRD DEFENSE

3.    Any actions by the Defendant were done without intent to violate the discharge injunction.

### IV. FOURTH DEFENSE

4.    Any acts by Defendant to "collect" any debt owed by the complainant to CenturyTel of Alabama, LLC, d/b/a/ CenturyTel that violated the discharge injunction herein,

which is denied, were inadvertent, simple mistakes, not willful or intentional attempts to violate the discharge injunction and, at most, were mere technical violations of the discharge. None of said acts give rise to a contempt citation or an award of damages, costs or attorney's fees under 11 U.S.C. §524.

## V. FIFTH DEFENSE

5. Defendant relied upon any and all information concerning complainant, including any bankruptcy notices, provided to and obtained by CenturyTel.

## VI. SIXTH DEFENSE

6. Any collection letter from RR&Y to complainant did not violate the FDCPA since she never received the same and, even if she had, any such letter was in complete compliance with the FDCPA.

## VII. SEVENTH DEFENSE

7. The reports to the credit reporting agencies submitted by RR&Y do not violate the discharge injunction or the FDCPA. Said reporting was truthful, accurate and in compliance with the FDCPA.

## VIIII. EIGHTH DEFENSE

8. Defendant affirmatively reserves the right to prove as to any alleged violation, whether specifically alleged in the Complaint or otherwise, to be unintended and the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error as provided by 15 U.S.C. §1692k(c). Any actions by RR&Y that may have violated the FDCPA, which are denied, are defensible under the *bone fide* error defense provided by the FDCPA.

## IX. NINTH DEFENSE

9. RR&Y acted without the knowledge that the complainant had filed a Chapter 7 bankruptcy and had received a discharge therein. Complainant failed to contact Defendant as indicated in 15 U.S.C. §1692, et seq. disputing the account or otherwise providing documentation of her discharge.

## X. TENTH DEFENSE

10. Defendant further reserves the right to establish that complainant's action has been brought in bad faith and for the purpose of harassment thereby entitling Defendant to an award of the defendant's reasonable attorney fees expended in the defense of this action.

## XI. ELEVENTH DEFENSE

11. Defendant further asserts that upon a failure to state a claim or otherwise maintain a claim under the FDCPA, this action as to all claims against any or all of the defendants will no longer be the subject of federal question jurisdiction and thus would be subject to dismissal pursuant to 28 U.S.C. §1367(c)(3).

## XII. ANSWER

12. Defendant answers the complaint by denying each and every allegation therein that is not specifically admitted hereafter.

13. Paragraphs 1 through 10, 33, 56, 73, 78, 81 and 84 of the Complaint do not require an answer; but, to the extent any answer is required, Defendant denies the allegations contained in the same.

14. Defendant denies the allegations in paragraphs 11, 15, 26-31, 34-45, 48, 50-55, 57-62, 65, 67-69, 71, 72, 75-77, 80, 83 and 86 of the Complaint.

15. Defendant admits that this Court has jurisdiction to enforce the orders of the Bankruptcy Court under 11 U.S.C. §524 and to enforce the provisions of the FDCPA; but, otherwise denies the allegations of paragraphs 12 and 13 of the complaint since they were drafted to create Bankruptcy Court jurisdiction and venue.

16. Defendant admits to the allegations in paragraphs 14 and 16-19 of the Complaint.

17. Defendant denies as written the allegations in paragraphs 32, 47 and 49 of the Complaint.

18. Defendant denies, for lack of sufficient information to form a belief therein, the allegations of paragraphs 14, 20-22, 25 and 46 of the Complaint.

19. The Equifax credit file is the best evidence of its contents; otherwise, the Defendant denies the allegations of paragraph 23 of the Complaint.

20. The Transunion credit file is the best evidence of its contents; otherwise, the Defendant denies the allegations of paragraph 24 of the Complaint.

21. In response to paragraphs 63 and 70 of the Complaint, Defendant would show it reports, pursuant to the Fair Credit Reporting Act, the following truthful and correct information to the credit reporting agencies: paid, unpaid, delete, disputed or bankruptcy. The report is made with the intent of providing accurate information and is part of RR&Y's procedure for the collection of debts. All other allegations are denied.

22. In response to paragraph 64 of the Complaint, Defendant's procedure of reporting accurate information to credit bureaus often results in payment of the debt, or a portion thereof. All other allegations are denied.

23. Defendant admits the allegations of paragraph 65 to the extent it assumes that the reporting agency has notice of a bankruptcy proceeding. All other allegations are denied.

24. The statutes of the FDCPA are the best evidence of the contents thereof; otherwise, the Defendant denies the allegations of paragraphs 74, 79, 82 and 85 of the Complaint.

25. Any allegations not hereinbefore specifically admitted, denied or explained are now generally denied as if specifically denied and strict proof is demanded.

**WHEREFORE**, the defendant RR&Y prays as follows:

A. that the alleged cause of action of the Complaint for violation of the discharge injunction be dismissed;

B. that, in the alternative, after all due proceedings, judgment be granted in favor of Defendant and against the complainant in all matters; and

C. for any and all other relief which is just, including an award to the defendant of its costs and fees.

RESPECTFULLY SUBMITTED
COUNSEL FOR RR&Y

WORRICK G. ROBINSON, IV
ROBINSON, REAGAN AND YOUNG, PLLC
260 CUMBERLAND BEND
Nashville, Tennessee 37228
Telephone:  615-726-0900
Facsimile:  615-256-3634
Email: wrobinson@robinson-reagan.com


/s/     Worrick G. Robinson, IV
WORRICK G. ROBINSON, IV
TN Bar No. 015009



JAMES D. FARMER
VIRGINIA LYNN McINNIS
FARMER, FARMER & MALONE, P.A.
112 West Troy Street, Drawer 668
Dothan, AL  36303
Telephone     334-794-8596
Facsimile     334-794-4401
Email         jdf@ffmlaw.com
              vlm@ffmlaw.com

*/s/ James D. Farmer*
JAMES D. FARMER
ASB 8636-E67J

## CERTIFICATE OF SERVICE

I hereby certify that on this the ____ day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

    David G. Poston, Esq.
    Christol02@centurytel.net
    davidposton@centurytel.net
    brockandstout@yahoo.com

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

    Michael D. Brock
    Brock & Stout
    Post Office Drawer 311167
    Enterprise, AL 36330

    REX D. RAINACH
    A PROFESSIONAL LAW CORPORATION
    3622 Government Street
    Baton Rouge, LA 70806-5720
    Telephone: 225-343-0643
    Facsimile: 225-343-0646
    Email: Rainach@msn.com
    La. Bar Roll No. 11074


    */s/ Worrick G. Robinson, IV*