IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND G. SHORTSLEEVE AND | ) | |
| CYNTHIA D. SHORTSLEEVE | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| CYNTHIA D. SHORTSLEEVE, | ) | CIVIL ACTION NO. |
| | ) | 1:06cv892-MHT |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CENTURYTEL OF ALABAMA, LLC, and | ) | |
| ROBINSON, REAGAN & YOUNG, PLLC, | ) | |
| | ) | |
| Defendants | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FOR DISMISSAL WITH PREJUDICE

Comes now all parties to this litigation, Cynthia D. Shortsleeve ("Plaintiff"), CenturyTel of Alabama, LLC ("CenturyTel") and Robinson, Reagan & Young, PLLC ("RR&Y"), by and through their undersigned counsel, who respectfully move the Court for approval of their settlement agreement and a dismissal of this matter with prejudice, and as grounds therefore submit the following:

1.   The parties have reached an amicable settlement of all matters arising from this litigation and have reduced the terms thereof to writing. A copy of the Settlement Agreement and Mutual Release executed by all parties is attached hereto and made a part hereof (the "Agreement").

2. The Agreement provides that this Court must approve the Agreement and then dismiss this matter with prejudice.

3. The Parties submit that it is in the best interest of all concerned if the Agreement is approved and this matter be dismissed with prejudice.

**WHEREFORE**, The Plaintiff, CenturyTel and RR&Y respectfully move the Court for an order approving the Agreement and dismissing this matter with prejudice. The parties pray for any other relief to which they may be entitled.

Respectfully submitted this 28th day of February, 2007.

            RESPECTFULLY SUBMITTED:

            COUNSEL FOR PLAINTIFF


            /S/ Gary W. Stout
            Gary W. Stout
            ASB _____

            Brock & Stout
            P.O. Drawer 311167
            Enterprise, AL  36330
            Telephone 334-671-5555
            FAX   334-671-2689
            Email  davidposton@centurytel.net

            COUNSEL FOR CENTURYTEL

            /S/ James D. Farmer
            James D. Farmer
            ASB 8636-E67J

            James D. Farmer
            Virginia Lynn McInnis
            FARMER, FARMER & MALONE, P.A.
            112 West Troy Street, Drawer 668
            Dothan, AL  36303
            Telephone 334-794-8596

   Facsimile  334-794-4401
   Email   jdf@ffmlaw.com
         vlm@ffmlaw.com

REX D. RAINACH
A PROFESSIONAL LAW CORPORATION
3622 Government Street
Baton Rouge, LA  70806-5720
Telephone:  225-343-0643
Facsimile:   225-343-0646
Email: Rainach@msn.com
La. Bar Roll No. 11074


COUNSEL FOR RR&Y

/S/ Worrick G. Robinson IV
Worrick G. Robinson IV
TN Bar No. 015009

Worrick G. Robinson IV
Robinson, Reagan & Young
260 Cumberland Bend
Nashville, TN  37228-1804
Telephone 615-726-0900
FAX    615-726-8267
Email    wrobinson@robinson-reagan.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CYNTHIA D. SHORTSLEEVE
    Plaintiff

Vs.

CIVIL ACTION NO.
1:06cv892-MHT

CENTURYTEL OF ALABAMA, LLC
ROBINSON, REAGAN & YOUNG
    Defendants

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "**Agreement**") is entered into on the 23d day of February, 2007 by and between **Cynthia D. Shortsleeve** (the "**Debtor**") and CenturyTel of Alabama, LLC ("**CenturyTel**") and Robinson, Reagan & Young, PLLC ("**RR&Y**") (together referred to as the "**Defendants**").

WHEREAS, the **Debtor** filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Middle District of Alabama (the "**Bankruptcy Court**") on December 14, 2004 in that case styled "Raymond G. & Cynthia D. Shortsleeve, Case No. 04-12862."

WHEREAS, the **Debtor** received a discharge on May 5, 2005;

WHEREAS, the **Debtor** filed a complaint in the **Bankruptcy Court** on May 8, 2006 in that matter styled "Cynthia D. Shortsleeve vs. CenturyTel of Alabama, LLC and Robinson, Reagan & Young, PLLC, Adv.Pro.No. 06-1080" (the "**Original Complaint**");

WHEREAS, the **Debtor** filed an amended complaint in the **Bankruptcy Court** on July 28, 2006 (the "**Amended Complaint**");

WHEREAS, the **Debtor** alleged in the above referenced complaints that she possessed a cause of action against **CenturyTel** and **RR&Y** for alleged violations of the injunction embodied in the debtor's discharge issued pursuant to section 11 U.S.C. §§727 and 524 of the **Bankruptcy Code** and alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (the "**FDCPA**");

WHEREAS, the **Bankruptcy Court** dismissed the **FDCPA** claims action against **CenturyTel** and the **Debtor** subsequently removed this action to the above Court in the above styled matter;

WHEREAS, the parties have reached an amicable agreement to resolve the differences between the **Debtor** and the **Defendants** and all claims that the **Debtor** may have against the

**Defendants** for any and all claims raised in the **Original Complaint** or the **Amended Complaint** and any and all other claims arising under the **Bankruptcy Code** or the **FDCPA**;

WHEREAS, this Agreement also resolves all claims and causes of action of **Defendants** against the **Debtor**, and of the **Debtor** against **Defendants**, and their past, present and future respective parents, subsidiaries, divisions, affiliates, employees, officers, directors, shareholders, professionals, attorneys, members, agents, representatives, successors and assigns arising from the **Original Complaint** or the **Amended Complaint**;

WHEREAS, the parties desire to enter into this Agreement in order, among other things, to avoid the costs, expenses and uncertainty that would accompany any litigation associated with this litigation;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.   On or before fifteen (15) days after approval of this agreement by the Court after proper notice to all parties in interest and after a hearing hereon (if one is required), the **Defendants** shall pay to the **Debtor** $5,000.00 by check made payable to Cynthia D. Shortsleeve and Gary W. Stout and mailed to Debtor's counsel.

2.   Subject to the **Debtor's** obligations under this Agreement, the **Debtor**, for herself and her past, present and future agents, representatives, successors and assigns, hereby releases, acquits and forever discharges the **Defendants** and their past, present and future parents, affiliates, agents, representatives, successors and assigns from and against all claims, contracts, disputes, agreements, covenants, demands, obligations, controversies, suits, cross-claims, torts, costs, losses, attorneys' fees, damages, liabilities, expenses and causes of action, whether in law or in equity, whether known or unknown, whether anticipated or unanticipated, whether suspected or claimed, whether fixed or contingent, whether yet accrued or not, whether damages have resulted from such or not, of any kind, nature or description, including any right to payment or right to an equitable remedy, whether or not such right is reduced to judgment or is liquidated, unliquidated, matured, unmatured, disputed, undisputed, legally equitable, secured or unsecured, that the **Debtor** has, may have had or may hereafter assert against the **Defendants**, including, without limitation, the right to receive or assert a claim against the **Defendants** for, without limitation, all actions under Federal and state law and all claims and causes of action under the **FDCPA** or the **Bankruptcy Code** including those raised or which could have been raised in the above referenced **Original Complaint** and the **Amended Complaint**.

3.   Subject to the **Defendant's** obligations under this Agreement, the **Defendants** and their past, present and future parents, affiliates, agents, representatives, successors and assigns hereby release, acquit and forever discharge the **Debtor** and her past, present and future agents, representatives, successors and assigns from and against all claims, contracts, disputes, agreements, covenants, demands, obligations, controversies, suits, cross-claims, torts, costs, losses, attorneys' fees, damages, liabilities, expenses and causes of action, whether in law or in equity, whether known or unknown, whether anticipated or unanticipated, whether suspected or claimed, whether fixed or contingent, whether yet accrued or not, whether damages have resulted from such or not, of any kind, nature or description, including any right to payment or right to an

equitable remedy, whether or not such right is reduced to judgment or is liquidated, unliquidated, matured, unmatured, disputed, undisputed, legally equitable, secured or unsecured, that the **Defendants** have, may have had or may hereafter assert against the **Debtor**, including, without limitation, the right to receive or assert a claim against the **Debtor** for, without limitation, all actions under Federal and state law and all claims and causes of action under the **FDCPA** or the **Bankruptcy Code** including those raised or which could have been raised in the **Original Complaint** and the **Amended Complaint**.

4. Upon payment of the settlement proceeds to the Debtor to be placed in Debtor's council's escrow account pending dismissal of this matter, CenturyTel shall prepare a joint motion seeking the approval of this Agreement and for dismissal of the complaint with prejudice, which shall be filed with the assent of all parties. Upon entry of the order of dismissal, the settlement proceeds may be withdrawn from escrow.

5. The failure of **Defendants** to make the payment required in this Agreement shall constitute a default hereunder and this Agreement shall be deemed null and void and of no further force and effect, unless the parties otherwise agree.

6. Upon entry of order of dismissal, CenturyTel shall give notice to the credit reporting agencies involved that the debt of the Debtor to CenturyTel has been discharged in bankruptcy.

7. Any notice or other communication required, permitted or desirable hereunder, shall be in writing, and shall be deemed sufficiently given if personally delivered, or if sent by electronic mail or facsimile transmission or by certified or registered mail, postage prepaid, return receipt requested, addressed as follows:

> To the **Debtor**:
> Gary W. Stout, Esq.
> Brock & Stout
> Post Office Drawer 311167
> Enterprise, AL  36330
> Telephone    334-671-5555
> FAX          334-671-2689
> Email:       brockandstout@yahoo.com
>
> To **CenturyTel**:
> Rex D. Rainach, APLC
> 3622 Government Street
> Baton Rouge, LA  70806
> Telephone:   225-343-0643
> Facsimile:   225-343-0646
> Email:       Rainach@msn.com
>
> To **RR&Y**:
> Worrick G. Robinson IV
> Robinson, Reagan & Young, PLLC

        260 Cumberland Bend
        Nashville, TN  37228-1804
        Telephone   615-726-0900
        FAX   615-726-8267
        Email:   wrobinson@robinson-reagan.com

Any party may change its address for purposes of this paragraph by giving the other party written notice of the new address in the manner set forth above. Any notice given in accordance with the above shall be deemed to have been given upon personal delivery if so delivered, upon receipt of confirmation if sent via facsimile transmission, or on the third (3rd) day after mailing if mailed.

        8.    This Agreement constitutes the complete agreement and understanding among the parties with respect to the subject matter hereof and the settlement hereof, and supersedes any and all other prior contemporaneous written or oral communications among the parties. The parties agree that there were no inducements or representations leading to the execution of this Settlement Agreement, except as contained herein. No other promises or agreements, either expressed or implied, shall be binding unless signed in writing by all parties to the Settlement Agreement.

        9.    The individuals signing this Agreement hereby represent and warrant that they are authorized to sign this Agreement on behalf of the entity for which they have so signed and that all necessary personal, partnership or corporate approvals have been obtained.

        10.    This Agreement shall be binding upon and inure to the benefit of the **Debtors**, the **Defendants** and their respective successors and assigns.

        11.    This Agreement shall be governed by the laws of the State of Alabama, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of law principles or any other rule, regulation or principle that would result in the application of any other state's law.

        12.    The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The **Defendants** consent to the jurisdiction of this Court to resolve any disputes or controversies between the parties hereto arising from or related to this Agreement. Any motion, application or other action or proceeding brought before the Court to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accordance with the relevant Federal Rules of Civil Procedure and the Local Rules of this Court.

        13.    The Agreement has been negotiated and drafted by all parties and their representatives. The parties to this Settlement Agreement represent and warrant that they have read and understand this Agreement and have consulted with their respective counsel concerning its legal effect. No rule of construction shall apply to this Settlement Agreement construing its provisions in favor of or against any party.

14.   The recital provisions set forth at the beginning of this Agreement are expressly incorporated into and as terms and conditions of this Agreement.

15.   This Agreement does not constitute an admission by any of the parties hereto of any violation of any statute, regulation, or contract, or of any fact, condition, circumstance, violation of law, or standard of liability in law or equity, arising out of or in any way related to the subject matter described in this Agreement. This Agreement is being entered into by the parties solely to settle and compromise any and all disputes within the scope of this Agreement. This Agreement and any settlement discussion related hereto shall be subject to Federal Rule of Evidence 408 and any other applicable confidentiality rule and, as such, shall not be admissible in any proceeding, whether by claim or defense, as evidence or an admission of any kind, except that in a proceeding to enforce the provisions of this Agreement, any settlement discussions shall be admissible as evidence solely for the purposes of that proceeding.

16.   This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement. Electronic mail or facsimile signatures shall be deemed original, valid and binding signatures to this Agreement.

17.   Each party shall bear its own attorneys' fees, costs and expenses incurred in connection with this litigation or this Agreement.

18.   To the extent that any provision of this Agreement may be held to be invalid or legally unenforceable by a court of competent jurisdiction, the parties agree that the remaining provisions of this Agreement shall not be affected and shall be given full force and effect.

**THE DEBTOR**

By: _____
Name: Gary W. Stout
Title: Attorney for the **Debtor**

**CENTURYTEL**

By: _____
Name: Rex D. Rainach, APLC
Title: Attorney for **CenturyTel**

**ROBINSON, REAGAN & YOUNG, PLLC**

By: _____
Name: Worrick G. Robinson, IV
Title: Partner